## McKANE *v.* DURSTON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 1185. Submitted April 23, 1894. — Decided May 14, 1894.

In the State of New York the committal to prison of a person convicted of crime, without giving him an opportunity, pending an appeal, to furnish bail, is in conformity with the laws of that State when no certificate is furnished by the judge who presided at the trial or by a Justice of the Supreme Court of the State, that in his opinion there is reasonable doubt whether the judgment should stand; and such committal under such circumstances violates no provision of the Constitution of the United States.

An appeal to a higher court from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing it, and a State may accord it to a person convicted of crime upon such terms as it thinks proper.

THE case is stated in the opinion.

*Mr. Thomas A. Atchison* and *Mr. Robert H. Griffin* for appellant.

*Mr. Benjamin F. Tracy* and *Mr. Edward M. Shepard* for appellee.

Mr. Justice Harlan delivered the opinion of the court.

Upon the trial in one of the courts of New York of an indictment charging John Y. McKane, the present appellant, with having wilfully violated certain provisions of the law of that State relating to elections and to the registration of voters, the accused was found guilty and was adjudged, February 19, 1894, to be imprisoned in the State prison at Sing Sing at hard labor for the term of six years. It was further ordered by the court that the convict be forthwith conveyed to that prison in execution of the sentence. That order was complied with, and he was delivered by the sheriff to the agent and warden of the prison to be therein confined in conformity with the sentence against him.

From the judgment ordering his imprisonment in Sing Sing, McKane prayed and was allowed an appeal to the General Term of the Supreme Court of New York.

On the 15th day of March, 1894, his counsel presented to the Circuit Court of the United States for the Southern District of New York an application for a writ of *habeas corpus,* directed to the agent and warden of Sing Sing prison, and requiring him to produce the body of the petitioner before the court, and there abide such order as may be made in the premises. The petitioner represented that he was deprived of his liberty in violation of the Constitution of the United States.

Under the statutes of the United States an appeal may be taken to this court from the final decision upon *habeas corpus* of a Circuit Court of the United States, in the case of any person alleged to be restrained of his liberty in violation of the Constitution or any law or treaty of the United States. *In re Shibuya Jugiro,* 140 U. S. 291, 294, 295; Rev. Stat. §§ 751, 752, 753, 761, 762, 763 to 765; Act of March 3, 1885, c. 353, 23 Stat. 437. Section 766 provides: "Pending the proceedings or appeal in the cases mentioned in the three preceding sections, and until final judgment therein, and after final judgment of discharge, any proceeding against the person so imprisoned or confined, or restrained of his liberty,

in any state court, or by or under the authority of any State, for any matter so heard and determined, or in process of being heard and determined, under such writ of *habeas corpus*, shall be deemed null and void."

The object of this statute, as was said in *In re Shibuya Jugiro*, above cited, was, in cases where the applicant for the writ was held in custody under the authority of a state court, or by the authority of a State, to stay the hands of such court or State, while the question whether his detention was in violation of the Constitution, laws, or treaties of the United States was being examined by the courts of the Union having jurisdiction in the premises.

When McKane applied for the writ of *habeas corpus* he was an inmate of Sing Sing prison pursuant to the judgment of the court in which he was indicted and found guilty. His appeal to the General Term of the Supreme Court, so far as the statutes of New York are concerned, did not prevent his being committed to that prison in execution of the sentence pronounced against him. For, by section 527 of the Code of Criminal Procedure of New York, it is provided that " an appeal to the Supreme Court from a judgment of conviction, or other determination from which an appeal can be taken, stays the execution of the judgment or determination upon filing, with the notice of appeal, a certificate of the judge who presided at the trial, or of a Justice of the Supreme Court, that in his opinion there is reasonable doubt whether the judgment should stand."

As the accused does not claim to have filed with his notice of appeal the required certificate of reasonable doubt, his committal to prison pending his appeal to a higher court of the State was in conformity with the laws of New York.

But it is contended that the Constitution of the United States secured to him the right to give bail, pending his appeal to the General Term of the Supreme Court of New York.

By the law of New York, " after the conviction of a crime not punishable with death, a defendant who has appealed, and when there is a stay of proceedings, but not otherwise, may be admitted to bail : 1. As a matter of right, when the appeal

is from a judgment imposing a fine only ; 2. As a matter of discretion in all other cases." N. Y. Code of Crim. Pro. § 555. There was no stay of proceedings on the judgment of conviction of McKane, and, therefore, under the statutes of the State, he was not entitled of right, to be admitted to bail pending his appeal. If he applied for bail, and bail was denied, the action of the court was not the subject of review, because the granting or refusing bail was made by the statute matter of discretion. *Clawson* v. *United States*, 113 U. S. 143.

It is, however, insisted, in effect, that these statutory regulations of the State are repugnant to section 2 of article IV of the Constitution of the United States, which provides that " the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." The only reason suggested in support of this position is, that in most of the States of the Union a defendant convicted of a criminal charge other than murder has the right, as a matter of law, upon the granting of an appeal from the judgment of conviction, to give bail pending such appeal. Whatever may be the scope of section 2 of article IV — and we need not, in this case enter upon a consideration of the general question — the Constitution of the United States does not make the privileges, and immunities enjoyed by the citizens of one State under the constitution and laws of that State, the measure of the privileges and immunities to be enjoyed, as of right, by a citizen of another State under its constitution and laws. An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offence of which the accused is convicted, was not at common-law and is not now a necessary element of due process of law. It is wholly within the discretion of the State to allow or not to allow such a review. A citation of authorities upon the point is unnecessary.

It is, therefore, clear that the right of appeal may be accorded by the State to the accused upon such terms as in its

wisdom may be deemed proper. In a large number of the States an appeal from a judgment of conviction operates as a stay of execution only upon conditions similar to those prescribed in the New York Code of Criminal Procedure; in others, a defendant, convicted of felony, is entitled of right to a stay pending an appeal by him. But, as already suggested, whether an appeal should be allowed, and if so, under what circumstances or on what conditions, are matters for each State to determine for itself.

Another provision of the Constitution of the United States invoked by the accused in support of his appeal is that part of the Fifth Amendment prohibiting the deprivation of liberty without due process of law. We assume that counsel who prepared the application for a writ of *habeas corpus* intended to refer to that clause of the Fourteenth Amendment which declares that no State shall deprive any person within its jurisdiction of his liberty without due process of law. What has been said is sufficient to indicate that, in our judgment, there is nothing of merit in this contention. It need not be further noticed.

Our attention has been called to that section of the New York Code of Criminal Procedure which provides that if, before the granting of a certificate of reasonable doubt by the judge who presided at the trial, or by a justice of the Supreme Court, " the execution of the judgment have commenced, the further execution thereof is suspended, and the defendant must be restored by the officer in whose custody he is, to his original custody," which, in this case, would be to the sheriff of Kings County. § 531. The point here made, if we do not misapprehend counsel for the accused, is that a suspension of proceedings in the state court when it occurs under the circumstances stated in section 766 of the Revised Statutes of the United States, has the same effect as a certificate of reasonable doubt given by a state judge, under the state law, after the execution of the judgment of conviction has commenced. This contention cannot be sustained. The only purpose of the Federal statute was to prevent the state court, or the State, pending proceedings on appeal to this

court, from changing, to the prejudice of the accused, the situation as it was at the time the appeal was taken from the judgment of a Circuit Court disallowing an application for a writ of *habeas corpus* based upon grounds of which, under the statutes of the United States, the courts of the Union could take cognizance. The warden of the prison in which McKane is confined is not authorized or directed — even if he could legally be authorized or directed — by the statutes of the United States to return the accused to the custody of the sheriff to await the final action of this court. The appeal to this court had no effect whatever upon the confinement of the accused, in conformity with the laws of the State, in Sing Sing prison before such appeal was taken from the judgment of the Circuit Court.

The judgment of the Circuit Court is

*Affirmed.*