Edward S. SHULTZ, Petitioner,

v.

STATE OF OKLAHOMA, and Park J. Anderson et al., Respondents.

No. CIV-73-514-D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 26, 1974.

Edward S. Schultz, pro se.

George W. Dahnke, Oklahoma City, Okl., for Anderson.

K. Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## MEMORANDUM AND ORDER

DAUGHERTY, Chief Judge.

The petitioner, Edward S. Schultz, who was then a state prisoner confined in the Vocational Training School, Stringtown, Oklahoma, submitted to this court on July 16, 1973, his Petition for Writ of Habeas Corpus challenging his detention by virtue of the judgment and sentence of the District Court of Comanche County, State of Oklahoma, Case No. CRF-71-349. As grounds for relief he alleged that he had been denied a direct appeal of his conviction. The court granted petitioner's Motion for permission to proceed in forma pauperis and on August 6, 1973 entered an Order requiring the respondents to show cause within 20 days why the writ should not be granted and the petitioner released from custody. The Attorney General for the State of Oklahoma on August 27, 1973 filed the Response for the respondents, confessing that the petitioner had exhausted his remedies in the courts of the State of Oklahoma and joining in the petitioner's request for an evidentiary hearing. Therefore, on September 17, 1973 this court found that the allegations of the petitioner did present a federal constitutional question and that he

was entitled to an evidentiary hearing in this court. Pursuant to the authority of Reed v. United States, 438 F.2d 1154 (CA10 1971) the court directed that this issue be presented to the court on written interrogatories and answers thereto by all witnesses possessing pertinent information. The court appointed counsel to represent the petitioner on that same date.

On April 22, 1974, counsel for the petitioner filed with the clerk of this court interrogatories addressed to Mr. Sam Johnson, petitioner's trial attorney. On July 18, 1974 the court determined that no interrogatories or cross interrogatories with answers had been filed herein by either the petitioner or the respondents and therefore ordered that all interrogatories and cross interrogatories with answers would be filed herein with the clerk of the court on or before August 15, 1974, on which date the court would consider the case submitted for decision herein. Thereafter, on July 26, 1974, there was filed the answers to interrogatories by Mr. Johnson. No other depositions have been filed herein in behalf of the petitioner and the respondents have not caused the depositions of any other witnesses to be taken or otherwise submitted any additional evidence to the court.

Having examined the files and records herein and the interrogatories and answers submitted by the petitioner the court makes the following findings of fact and conclusions of law:

## 1. FINDINGS OF FACT

1. In said case No. CRF–71–349 after a trial by jury the petitioner was convicted of the crime of Assault and Battery with a Deadly Weapon and sentenced on November 30, 1971 to a term of five years imprisonment.

2. At all times during the trial and sentencing the petitioner was represented by Mr. Sam H. Johnson, his court-appointed attorney.

3. Prior to sentencing the petitioner's attorney prepared and filed with the court a Motion for New Trial.

4. Subsequent to the return of the jury verdict and prior to pronouncement of judgment and sentence the petitioner's trial attorney discussed in detail with the petitioner the procedures necessary to perfect an appeal. He further advised the petitioner that the district attorney might elect to confess error and conduct a new trial. The petitioner requested a few days to make up his mind about whether he should pursue an appeal under the circumstances. His attorney requested several days extension of time from the court before sentencing in order to enable the petitioner to consider the alternatives available to him. Prior to sentencing the petitioner notified the attorney that he had decided to waive his right to appeal and accept the jury verdict.

5. At the time of sentencing, in open court, the trial judge fully advised the petitioner of his right to appeal. The petitioner at that time stated to the court that he did not wish to seek an appeal and in open court in petitioner's presence and at his direction the Motion for New Trial was withdrawn.

6. The petitioner did not within 10 days of the date of judgment and sentence advise the trial court either orally or in writing of his intent to appeal.

7. The petitioner did not file with the clerk of the Court of Criminal Appeals for the State of Oklahoma within six months from the date of his judgment and sentence a Petition in Error together with the records for appeal.

## II. CONCLUSIONS OF LAW

■ 1. The petitioner's time for appeal commenced to run from the date of his judgment and sentence. This was the date that he was fully informed of his right to appeal including the right to court appointed counsel, if neces-

sary. See Wynn v. Page, 369 F.2d 930 (CA10 1966) and Chase v. Page, 343 F.2d 167 (CA10 1965).

2. The petitioner was required under Oklahoma law to file a written Notice of Intent to Appeal and designation of record with the trial court within 10 days from the date of judgment and sentence. Rule 2.3(A) Rules of Oklahoma Court of Criminal Appeals.

3. The petitioner was required under Oklahoma law to file with the clerk of the Court of Criminal Appeals for the State of Oklahoma the records for appeal within six months from the date of his judgment and sentence. Rule 2.3(C) Rules of Oklahoma Court of Criminal Appeals.

4. The petitioner did not perfect a timely direct appeal from his judgment and sentence. A state is not required by the federal Constitution to provide an appellate review of a criminal trial. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). If it provides for an appeal it may do so in the manner and on the terms it deems proper. McKane v. Durston, 153 U.S. 684, 14 S. Ct. 913, 38 L.Ed. 867 (1894). An appellant must comply with the state law to perfect an appeal. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

5. The petitioner intelligently, knowingly and voluntarily waived his right to appeal the judgment and sentence imposed in his case. Hines v. Baker, 422 F.2d 1002 (CA10 1970).

6. The petitioner was not denied an appeal in violation of his rights to due process and equal protection of the law under the Fourteenth Amendment to the Constitution of the United States.

### III.  ORDER

Accordingly, since the court has concluded the petitioner was not denied an appeal in violation of his constitutional rights, the Petition for Writ of Habeas Corpus will be denied.

It is so ordered.