James AUSTIN

v.

Julius T. CUYLER et al.

Civ. A. No. 80–2514.

United States District Court,
E. D. Pennsylvania.

Oct. 30, 1980.

James Austin, pro se.

Thomas F. Johnson, Philadelphia, Pa., for defendants.

GILES, District Judge.

This action is a habeas corpus petition by a state prisoner pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 636(b)(1)(A), the matter was submitted to Magistrate Naythons for proposed findings and recommendations. His Report and Recommendation was filed on September 24, 1980. Petitioner filed untimely objections to the report on October 8, 1980, indicating that the late filing was due to delays in the prison mail system. Because the delay may have been beyond the petitioner's control, we will treat the objections as timely and make a *de novo* determination. 28 U.S.C. § 636(b)(1).

## FACTS

Although no objection was made to factual findings, we will restate the essential facts here.

Petitioner was convicted of third–degree murder in 1977. The evidence at his state court trial included the fruits of a search which he claims was unconstitutional. A pretrial suppression motion had been denied. His Fourth Amendment claim also was presented and rejected at trial, and in post–trial motions.

Petitioner appealed his conviction directly to the Pennsylvania Supreme Court. That court transferred the appeal to the state's intermediate appellate court, the Superior Court. That court decided that admission of the evidence in contention, even if unconstitutional, was harmless. Petitioner then asked the Pennsylvania Supreme Court for review, but review was denied.

As the Magistrate found, petitioner exhausted his state remedies. We adopt that portion of the Magistrate's Report.

## CLAIMS

Petitioner raises two claims in support of his petition. The first is that evidence was admitted at his trial in violation of the Fourth Amendment. Second, he objects to the transfer of his appeal from the state's highest court to the intermediate court.

## FOURTH AMENDMENT CLAIM

██ Under *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), we may not examine the merits of a Fourth Amendment claim in a state habeas petition if the petitioner had an opportunity for full and fair litigation in the state court system. The Magistrate found that such opportunity was afforded. We agree, and adopt that portion of the Magistrate's Report.

██ Petitioner now argues that because he was not given the "right" to a full appeal on the merits in the state's highest court, *Stone v. Powell* does not control his case. This argument is without merit. There is no such "right" of appeal. *McKane v. Durston*, 153 U.S. 684, 687–88, 14 S.Ct. 913, 914–15, 38 L.Ed. 867 (1894); *accord, e. g., Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956)

(plurality opinion); *id.* 21, 76 S.Ct. 591 (Frankfurter, J., concurring in judgment); *Carter v. Illinois*, 329 U.S. 173, 175–76, 67 S.Ct. 216, 218–19, 91 L.Ed. 271 (1946).

In *Carter*, the Court said:

Wide discretion must be left to the States for the manner of adjudicating a claim that a conviction is unconstitutional. States are free to devise their own systems of review in criminal cases. A State may decide whether to have direct appeals in such cases, and if so under what circumstances.... So long as the rights under the United States Constitution may be pursued, it is for a State and not for this Court to define the mode by which they may be vindicated.

*Carter*, 329 U.S. at 175–76, 67 S.Ct. at 218–19. Petitioner's appeal by right to the Superior Court and discretionary review by the Supreme Court easily meet this standard. Thus, he had the opportunity for full and fair litigation required by *Stone v. Powell*. We therefore are precluded from reaching the merits of his Fourth Amendment claim.

## TRANSER OF APPEAL

Petitioner originally attacked the transfer of the case to the Superior Court and the lack of mandatory review by the Pennsylvania Supreme Court as violating the state constitution. We may entertain a habeas petition by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Magistrate so found, and we adopt that portion of his report on the state constitutional claim.

██ After the Magistrate's report was filed, petitioner raised a federal constitutional objection to the state appellate structure, claiming that the transfer of some felony appeals to the Superior Court discriminated against petitioner in violation of the equal protection clause of the Fourteenth Amendment.

The Pennsylvania Supreme Court transferred 282 cases, including petitioner's, to

the Superior Court "to alleviate a substantial backlog of felonious homicide cases on its docket, and to avoid delays which would have an adverse impact on the rights of all convicted felonious homicide defendants." Brief Amicus Curiae of the Supreme Court of Pennsylvania at 2, *Alton v. Pennsylvania*, 445 U.S. 944, 100 S.Ct. 1341, 63 L.Ed.2d 778 (1980) (denial of certiorari). As discussed above, this transfer was well within the wide discretion allowed to Pennsylvania in choosing an appellate system. Furthermore, the transfer was rationally related to legitimate state purposes–reducing court backlogs and preventing adverse impact on the rights of convicted felons. This relationship passes muster under the equal protection clause. *See, e. g., McLaughlin v. Florida*, 379 U.S. 184, 190–91, 85 S.Ct. 283, 287–88, 13 L.Ed.2d 222 (1964).

Petitioner has given no reason, such as a suspect classification or infringement of a fundamental right, which would require stricter scrutiny. In *Ross v. Moffitt*, 417 U.S. 600, 611–16, 94 S.Ct. 2437, 2444–46, 41 L.Ed.2d 341 (1974), the Court upheld the validity of discretionary state review despite the fact that, for purposes of seeking review, counsel was not appointed for indigents, a previously suspect class. Since here, the alleged discrimination does not trigger as much constitutional concern as for indigents, we find there was no unconstitutional discrimination against petitioner.

The petition for a writ of habeas corpus will be denied. An appropriate Order will issue.