JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Terrence J. Reagan, pro se, appeals his no contest plea entered in the Rocky River Municipal Court. For the following reasons, this appeal is dismissed.
 {¶ 2} On October 30, 2000, two charges were filed against Reagan — menacing by stalking and telephone harassment, first degree misdemeanors. Prior to the matter going to trial, Reagan, represented by counsel, agreed to enter a no contest plea. The plea agreement involved his pleading no contest to disorderly conduct with persistence, a misdemeanor of the fourth degree. In exchange, he agreed to stipulate to a finding of guilt and to waive his appellate rights.
 {¶ 3} After accepting the plea, the trial court sentenced Reagan to thirty days in jail and imposed a $250 fine. Nineteen days of the sentence were suspended, with the remainder being served on home detention. The trial court also placed him on active probation for two years and required him to submit to counseling and to other terms of rehabilitation.
 {¶ 4} Reagan appeals, but first we address this court's jurisdiction.
 {¶ 5} The record indicates that as part of Reagan's no contest plea, he waived his right to appeal. As this court held in State v. Butts
(1996), 112 Ohio App.3d 683, a plea agreement is a binding contract with the State and its terms are enforceable.
 {¶ 6} "It is well-established that there is no federal constitutional right to an appeal. Abney v. United States (1977),431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651; McKane v. Durston (1894),153 U.S. 684; 14 S.Ct. 913, 38 L.Ed. 867. In Ohio, the right to an appeal is a creature of statute. R.C. 2953.02. Courts which have examined this issue have reasoned that since a constitutional right may be waived, the statutorily-created right to appeal may also be waived. U.S. v.Navarro-Botello (C.A.9, 1990), 912 F.2d 318; United States v. Wiggins
(C.A.4, 1990), 905 F.2d 51." Id. At 686.
 {¶ 7} In the instant case, Reagan received sufficient consideration for giving up his right to appeal, because the State agreed to amend two first degree misdemeanors to a single fourth degree misdemeanor.
 {¶ 8} Reagan also does not allege that the plea was not intelligently, knowingly, or voluntarily entered. Although his reply brief alludes to the fact that his counsel was ineffective in counseling him to waive his appellate rights, a reply brief is not the proper manner in which to raise an assignment of error because it merely provides the appellant an opportunity to reply to the appellee's brief. State v. Smith
(Nov. 29, 2001), 8th Dist. No. 79292.
 {¶ 9} Accordingly, because Reagan's plea appears to have been voluntarily, knowingly, and intelligently entered, the agreement between the State and Reagan waiving his right to appeal will be enforced and Reagan's appeal dismissed.
Appeal dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and MICHAEL J. CORRIGAN, J. CONCUR.