# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00145-CR

**Steve Kotlarich, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 96-432-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In 1996, appellant Steve Kotlarich pleaded guilty to the offenses of sexual assault and indecency with a child by exposure. *See* Tex. Pen. Code Ann. § 22.011, 21.11(a)(2). Pursuant to a plea agreement, the trial court sentenced appellant to ten years' imprisonment for the indecency offense, probated. Pursuant to the same agreement, appellant received a fifteen-year sentence on the sexual assault offense, but was placed on deferred adjudication. In October 1992, the State filed motions to adjudicate on the sexual assault offense and to revoke probation on the indecency offense. After a hearing, the trial court found the State's allegations true in both motions, adjudicated appellant guilty of the sexual assault offense, revoked probation in the indecency offense, and imposed sentences of fifteen years' imprisonment for the sexual assault offense and ten years' imprisonment for the indecency offense. In one issue on appeal, appellant contends that the evidence

was insufficient to show that appellant violated the terms and conditions of deferred adjudication. We dismiss the appeal for want of jurisdiction.

Article 42.12 of the Code of Criminal Procedure controls questions concerning adult probation and applications to revoke probation. Tex. Code Crim. Proc. Ann. art. 42.12 (West 1979 & Supp. 2001); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Section 5(b) provides:

> On violation of a condition of [deferred adjudication] community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination . . . .

Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Supp. 2001).

The United States Constitution does not require a state to provide appellate courts or a right to appellate review of criminal convictions. *Phynes*, 828 S.W.2d at 2 (citing *McKane v. Durston*, 153 U.S. 684, 687-88 (1894)). As a result, a state may limit or even deny the right to appeal a criminal conviction. *Id*. Similarly, there is nothing in the Texas Constitution that guarantees the right to appeal a criminal conviction; that right is only provided by the legislature. *Id*.

An appellant whose deferred adjudication probation has been revoked and who subsequently has been adjudicated guilty of the original charge may not raise on appeal contentions of error in the adjudication of guilt process. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (holding that article 42.12, section 5(b) prohibits defendant from raising a claim of error in the adjudication of guilt process); *Phynes*, 828 S.W.2d at 2 (stating that even if appellant's right

2

to counsel had been violated, he could not use direct appeal as the vehicle by which to seek redress); *Williams v. State*, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) ("the trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and not reviewable by this Court").

Appellant acknowledges that he is not allowed to challenge the adjudication of guilt process in a direct appeal. "Nevertheless, he is pursuing this appeal to demonstrate that the trial court's actions were unreasonable. Once that has been established, Appellant can and will attack the adjudication order via another more appropriate vehicle." When an appellate court lacks jurisdiction over an appeal, it may take no action on that appeal other than dismissal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (when jurisdiction not legally invoked, power of court to act is absent; may only dispose of purported appeal by dismissal for want of jurisdiction); *Garcia v. State*, 45 S.W.3d 740, 742 (Tex. App.—Austin 2001, pet. ref'd); *Boyd v. State*, 971 S.W.2d 603, 606 (Tex. App.—Dallas 1998, no pet.). Accordingly, we dismiss the appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: August 29, 2003

Do Not Publish

3