In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-2521

JOHN P. HOLTON, JR.,

*Plaintiff-Appellant,*

*v.*

INDIANA HORSE RACING COMMISSION
and JOE GORAJEC,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:03-cv-1961-LJM-WTL—**Larry J. McKinney**, *Chief Judge.*

ARGUED JANUARY 26, 2005—DECIDED FEBRUARY 22, 2005

Before EASTERBROOK, RIPPLE, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Stewards at Hoosier Park
in Indiana concluded that Chilly Peppa had violated race
rules and set her back from second to third place. The
difference in the purse was $6,250. John Holton, the
filly's owner, asked the Indiana Horse Racing Commission
to review the stewards' decision. It declined, deeming
the action non-reviewable under 71 Ind. Admin. Code 10-2-
9(f). Although the Commission's disposition could have been
challenged in state court, see Ind. Code §4-21.5-5-2, Holton
let the period of limitations expire. But time remained
in the longer period for a suit under 42 U.S.C. §1983,
so Holton has tried this instead. He sued both the Com-

mission and Joe Gorajec, its executive director, contending that they violated the equal protection clause of the fourteenth amendment by entertaining appeals selectively. The commission reviews some decisions notwithstanding Rule 10-2-9(f), Holton maintains, and he submits that selectivity is unconstitutional.

The district court dismissed the complaint for lack of jurisdiction, ruling that the eleventh amendment forecloses all possibility of relief. 2004 U.S. Dist. LEXIS 14442 (S.D. Ind. May 18, 2004). This was a misstep. The Commission, which is part of Indiana's state government, is not a "person" for purposes of §1983. It is both unnecessary and inappropriate to decide whether the Constitution would prevent litigation that Congress has not authorized in the first place. See *Lapides v. University of Georgia*, 535 U.S. 613, 617-18 (2002). Gorajec is a "person" who may be sued, in his official capacity, under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). The relief that Holton requests—an order directing the Commission to review the stewards' decision in order to meet a constitutional requirement—is a kind of prospective equitable remedy compatible with state sovereign immunity under *Young*. See also, e.g., *Verizon Maryland Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645-46 (2002). Holton would encounter a problem had he asked the court to direct the Commission to *reverse* the stewards' decision and pay him $6,250, see *Edelman v. Jordan*, 415 U.S. 651 (1974), but a request for review differs from a request for damages.

On the merits, however, Holton's claim is unavailing. No decision of which we are aware holds that the Constitution creates a right to administrative review. Many systems—of which the Social Security disability-benefits apparatus is a good example—allow review at the discretion of appellate tribunals. That is common within the judiciary too; think of the Supreme Court's certiorari power. Holton

does not contend that the Commission took his race, religion, or any other forbidden characteristic into account, nor does he claim to be a "class of one" burdened by an irrational and perhaps vindictive application of rules that are valid as written. See *Willowbrook v. Olech*, 528 U.S. 562 (2000). His sole contention is that the Constitution entitles everyone to an administrative appeal as a matter of right. That position lacks support in the Constitution's language, history, and judicial interpretation. See *McKane v. Durston*, 153 U.S. 684 (1894) (no constitutional right to appeal, even in a criminal prosecution).

At oral argument Holton's lawyer changed ground and insisted that the stewards themselves had violated the due process clause by failing to afford him an opportunity to present evidence and arguments before making a decision. But the stewards are not parties to this litigation, and no such contention appears in his brief; it is therefore doubly forfeited. What is more, the stewards appear to be private rather than state actors, no more bound to offer hearings than are referees of the National Football League engaged in replay review. We therefore need not decide whether the placement and purse at a horse race in Indiana are property interests to which the due process clause applies. Compare *Goldberg v. Kelly*, 397 U.S. 254 (1970), with *Edelberg v. Illinois Racing Board*, 540 F.2d 279, 282-83 (7th Cir. 1976).

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the complaint on the merits.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*