# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00798-CR

**Ronald Casey Low, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY
### NO. 04-01951, HONORABLE BEN NOLEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After he was convicted of speeding in justice of the peace court, appellant Ronald Casey Low took an appeal de novo to the county court at law. *See* Tex. Code Crim. Proc. Ann. art. 45.042 (West Supp. 2004-05). At a bench trial, the court adjudged him guilty and imposed a $99 fine. This appeal followed. We will dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction does not embrace a case that has been appealed from an inferior court to a county court at law in which the fine imposed in the latter court does not exceed $100, unless the sole issue on appeal is the constitutionality of the statute or ordinance on which the conviction is based. Tex. Code Crim. Proc. Ann. art. 4.03 (West 2005). Low urges that this Court has jurisdiction to consider his contention that the speeding statute has been unconstitutionally applied to him. *See* Tex. Transp. Code Ann. § 545.352 (West Supp. 2004-05).

Low was stopped by a deputy sheriff after the deputy's radar indicated that Low was driving 77 miles-per-hour in a 65 miles-per-hour zone. After running the usual license and registration checks, which were negative, the deputy asked Low and his passenger if they were carrying weapons or contraband. When they said they were not, the deputy asked if he could search the car. Low did not immediately answer yes or no, and the deputy repeated his request several times. Low eventually refused to consent to a search. With this, the officer issued Low citations for speeding and having an expired inspection sticker and allowed him to go on his way.[1]

The county court at law overruled Low's pretrial motion to bar prosecution on the ground that his rights under the Fourth and Fourteenth Amendments and article I, section 9 had been violated. *See* U.S. Const. amends. IV, XIV; Tex. Const. art. I, § 9. In the motion, Low urged that the deputy had attempted to use the threat of a speeding citation to coerce Low's consent to a search of the vehicle, and that the officer had issued the ticket in retaliation for Low's refusal of that consent. He repeats this argument in his brief to this Court, and he further contends, in an argument not made below, that the duration and scope of his detention exceeded that reasonably necessary for the issuance of a traffic citation.

In order to avoid the jurisdictional limitation of article 4.03, Low asserts that he is challenging the constitutionality of the speeding statute as applied in this case. But Low's arguments have nothing to do with the constitutionality of section 545.352, either on its face or as applied. Instead, Low is challenging the constitutionality of the practice, claimed to be routine in Tom Green County, of law enforcement officers asking for permission to search vehicles stopped for traffic

---

[1] The inspection sticker charge was subsequently dismissed.

violations. It is the deputy's authority to detain individuals suspected of violating the laws—not the speeding statute—that Low contends was unconstitutionally applied or exercised in this case.[2] That Low was detained for speeding was merely a coincidence; his arguments would be the same if he had been stopped and cited for any other traffic offense.

Low also argues that dismissal of this appeal would violate the Texas Constitution's open courts guarantee. Tex. Const. art. I, § 13. There is, however, no federal or state constitutional right to appeal a criminal conviction. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (citing *McKane v. Durston*, 153 U.S. 684, 687-88 (1894)). The right to appeal is regulated by the legislature. *Id*. In this case, the right to appeal is regulated by article 4.03.

Because the fine does not exceed $100 and the issue Low seeks to raise on appeal does not challenge the constitutionality of the statute on which his conviction is based, this Court is without jurisdiction. The appeal is dismissed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Dismissed for Want of Jurisdiction

Filed: August 19, 2005

Do Not Publish

_____

[2] We express no opinion on the merits of Low's argument, which we have summarized only to address the jurisdiction question, or the propriety of the relief he sought below.