TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00798-CR






Ronald Casey Low, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY


NO. 04-01951, HONORABLE BEN NOLEN, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



After he was convicted of speeding in justice of the peace court, appellant Ronald
Casey Low took an appeal de novo to the county court at law. See Tex. Code Crim. Proc. Ann. art.
45.042 (West Supp. 2004-05). At a bench trial, the court adjudged him guilty and imposed a $99
fine. This appeal followed. We will dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction does not embrace a case that has been appealed 
from an inferior court to a county court at law in which the fine imposed in the latter court does not
exceed $100, unless the sole issue on appeal is the constitutionality of the statute or ordinance on
which the conviction is based. Tex. Code Crim. Proc. Ann. art. 4.03 (West 2005). Low urges that
this Court has jurisdiction to consider his contention that the speeding statute has been
unconstitutionally applied to him. See Tex. Transp. Code Ann. § 545.352 (West Supp. 2004-05).

Low was stopped by a deputy sheriff after the deputy's radar indicated that Low was
driving 77 miles-per-hour in a 65 miles-per-hour zone. After running the usual license and
registration checks, which were negative, the deputy asked Low and his passenger if they were
carrying weapons or contraband. When they said they were not, the deputy asked if he could search
the car. Low did not immediately answer yes or no, and the deputy repeated his request several
times. Low eventually refused to consent to a search. With this, the officer issued Low citations for
speeding and having an expired inspection sticker and allowed him to go on his way. (1)

The county court at law overruled Low's pretrial motion to bar prosecution on the
ground that his rights under the Fourth and Fourteenth Amendments and article I, section 9 had been
violated. See U.S. Const. amends. IV, XIV; Tex. Const. art. I, § 9. In the motion, Low urged that
the deputy had attempted to use the threat of a speeding citation to coerce Low's consent to a search
of the vehicle, and that the officer had issued the ticket in retaliation for Low's refusal of that
consent. He repeats this argument in his brief to this Court, and he further contends, in an argument
not made below, that the duration and scope of his detention exceeded that reasonably necessary for
the issuance of a traffic citation.

In order to avoid the jurisdictional limitation of article 4.03, Low asserts that he is
challenging the constitutionality of the speeding statute as applied in this case. But Low's arguments
have nothing to do with the constitutionality of section 545.352, either on its face or as applied. 
Instead, Low is challenging the constitutionality of the practice, claimed to be routine in Tom Green
County, of law enforcement officers asking for permission to search vehicles stopped for traffic
violations. It is the deputy's authority to detain individuals suspected of violating the laws--not the
speeding statute--that Low contends was unconstitutionally applied or exercised in this case. (2) That
Low was detained for speeding was merely a coincidence; his arguments would be the same if he
had been stopped and cited for any other traffic offense.

Low also argues that dismissal of this appeal would violate the Texas Constitution's
open courts guarantee. Tex. Const. art. I, § 13. There is, however, no federal or state constitutional
right to appeal a criminal conviction. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992)
(citing McKane v. Durston, 153 U.S. 684, 687-88 (1894)). The right to appeal is regulated by the
legislature. Id. In this case, the right to appeal is regulated by article 4.03.

Because the fine does not exceed $100 and the issue Low seeks to raise on appeal
does not challenge the constitutionality of the statute on which his conviction is based, this Court
is without jurisdiction. The appeal is dismissed.



 ___________________________________________

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Dismissed for Want of Jurisdiction

Filed: August 19, 2005

Do Not Publish
1. The inspection sticker charge was subsequently dismissed.
2. We express no opinion on the merits of Low's argument, which we have summarized only to
address the jurisdiction question, or the propriety of the relief he sought below.