NO. 07-06-0337-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO


 

PANEL B



JULY 9, 2007


 ______________________________



GENE EDWARD KEMP, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 14,546-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Gene Edward Kemp, appeals from the trial court's determination to
proceed with adjudication and an assessment of twelve years confinement in the Texas
Department of Criminal Justice, Institutional Division and a fine of $2,000. We will dismiss
the appeal. 

Background


 Appellant entered a plea of guilty to the charge of possession of a controlled
substance with intent to deliver within a drug free zone and was placed on deferred
adjudication for a period of eight years. No appeal was taken from the initial plea. 
Subsequently, the State filed a motion to proceed with adjudication, which was heard by
the trial court on July 11, 2006. Appellant entered a plea of not true to all paragraphs of
the motion to proceed. After hearing the evidence, the trial court initially found that the
allegations in paragraphs one and three of the motion to proceed were true and proceeded
to conduct a separate punishment hearing. At the conclusion of the punishment hearing
the trial court announced he had determined that appellant had violated only the first
allegation. The trial court sentenced appellant to twelve years confinement and a fine of
$2,000. 

 During the hearing on the motion to proceed, the State offered evidence of a failed
urinalysis to show appellant's continued use of methamphetamine in violation of his terms
and conditions of the order granting deferred adjudication. Evidence of the failed urinalysis
consisted of the State's Exhibit #1, the chain of custody documentation to MedTox
Laboratories in Minneapolis, Minnesota, and State's Exhibit #2, the notice of filing of a
business record with the accompanying laboratory report from the test of a urine sample. 
The appellant also testified during the adjudication phase of the proceedings. During
cross-examination, appellant admitted that he had provided a number of other urine
samples that allegedly tested positive for various drugs. However, appellant claimed that
all of the drug tests were flawed in one manner or another and should not be considered.

 Other than the failed urinalysis supported by the exhibits, during the punishment
phase of the proceeding, the trial court heard appellant's probation officer testify that
appellant had failed nine other drug tests. Based upon all of the testimony it heard, the trial
court sentenced appellant to confinement for twelve years and a fine of $2,000.

 Appellant contends that the trial court committed reversible error in three particulars:
1) in considering the results of drug tests which were not before the court as evidence on
punishment, 2) by consideration of scientific evidence which was admitted without a
hearing on the reliability of the evidence, and 3) the refusal to conduct a hearing on the
admissibility of scientific evidence should be reviewed as fundamental error despite article
42.12 § 5(b) of the Texas Code of Criminal Procedure. We disagree with appellant's
issues and order the appeal dismissed. 

Analysis


 Initially, we note that the right of appeal in a criminal case is a statutory right
controlled by the legislative grant of the right. See Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim.App. 1992). Further, as pointed out in Phynes the United States Constitution does
not require a state to provide appellate courts or a right to appeal a criminal conviction. Id.,
citing McKane v. Durston, 153 U.S. 684, 687-688, 14 S.Ct. 913, 38 L.Ed.867 (1894). The
statute in question, article 42.12 § 5(b) of the Texas Code of Criminal Procedure,
specifically states:

 On a violation of a condition of community supervision. . . the defendant is
entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge. No appeal may
be taken from this determination. After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant's appeal
continue as if the adjudication of guilt had not been deferred . . . .


Tex. Code Crim. Proc. Ann. art 42.12 § 5(b) (Vernon Supp. 2006). Accordingly, the
statutory scheme does not permit an appeal of the decision by the trial court to adjudicate.

 In appellant's first issue, he argues that the trial court wrongfully considered
punishment evidence and that this issue is subject to appeal. The evidence complained
of dealt with other failed drug tests by appellant and was first presented during the
adjudication phase of the trial. During the cross-examination of appellant, the State
inquired about a number of failed drug tests. Appellant denied remembering the drug
tests, yet in all but two of the occasions in question, upon further examination by the State,
appellant admitted he remembered telling the probation officer there was an excuse for
why the tests turned out positive. Appellant contends this evidence cannot be considered
as it is an attempt by the State to prove a fact in issue by the cross-examination of a
witness regarding his denial of the fact in question. See Wall v. State, 417 S.W.2d 59, 61
(Tex.Crim.App. 1967). Accordingly, appellant contends that the trial court wrongfully
considered this testimony.

 In attempting to ascertain whether or not the issue is appealable, we first consider
the purpose for which the State offered the evidence. During direct examination, appellant
testified that, despite the MedTox report, he had not been using methamphetamine. To
prove this point, he testified that he was tested by his employer in December prior to taking
the job and was hired. Additionally, appellant testified that he was tested again in February
and retained his job. The obvious import of these questions was that the tests given in
December and February were negative for methamphetamine use. (1) Later during direct
examination, appellant testified that he felt like he had given all he had to his probation. 
During cross-examination, the State went into the other failed drug tests, over appellant's
objection that they were not discussed nor was any evidence of them produced during the
State's case. The trial court overruled the objection with the ruling that appellant had
opened the door to this line of questions by referring to having given probation his all. On
appeal, appellant has not contested the trial court's ruling on the objection to admissibility
of the prior drug test evidence. From the context of the circumstances of the receipt of the
testimony, it is clear that the trial court ruled properly that appellant had opened the door
to the admission of the failed drug tests. Wheeler v. State, 67 S.W.3d 879, 885-86
(Tex.Crim.App. 2002). It is apparent to the court that the trial court properly admitted the
evidence during the adjudication phase for the purposes expressed in the record. 

 Having determined that the testimony was admitted in the adjudication phase under
a proper theory, our inquiry becomes whether appellant's claim of error directly and
distinctly related to punishment rather than to the decision to adjudicate. Hogans v. State,
176 S.W.3d 829, 830-31 (Tex.Crim.App. 2005). Notwithstanding the statements by the
trial court at the conclusion of the punishment hearing, the evidence in question did not
relate to the sentence in question directly and distinctly. Id. at 834. That the testimony of
failed drug tests contributed to punishment may well be true; however, this is not the test.
Id. All evidence offered during an adjudication hearing will affect or impact punishment. 
Id. at 835. The fact that evidence may be probative to both the decision to adjudicate and
to the assessment of an appropriate punishment does not convert adjudication evidence
into punishment evidence. Id. Accordingly, we dismiss appellant's first issue concluding
that the evidence of the failed drug tests did not relate directly and distinctly to sentencing
and, therefore, is nonappealable.

 Next, appellant posits that the refusal of the trial court to conduct a hearing on the
scientific reliability of the drug test admitted during adjudication should be reviewed under
a fundamental error standard. However, appellant has cited the court to no cases that
would permit us to consider this issue in light of the legislative determination that there be
no appeal from a decision to adjudicate. As the second and third issues raised by
appellant deal with evidentiary matters that arose during the adjudication phase of the
proceedings, the court is without jurisdiction to hear them and they are dismissed. Tex.
Code Crim. Proc. Ann. art 42.12 § 5(b) (Vernon Supp. 2006).

Conclusion


 Appellant's appeal is dismissed for want of jurisdiction.


 Mackey K. Hancock

 Justice



Do not publish. 
1. The record reveals that appellant was not asked the question of what the test
results were, only that he was hired after the December test and retained after the
February test. 



llant at
the rear window of the bedroom in which the fire started, and then seeing him run out of
the back yard. Admittedly, portions of her testimony about what in the bedroom first ignited
differed from that of the fire investigator who testified. So too did the investigator indicate
that he believed the rear bedroom window was intact during the blaze. Yet, neither of
those matters dealt with the identity of who started the fire. That is, the fire chief’s
testimony did not indicate that someone other than appellant started it. Moreover, pictures
of the rear window actually suggest that it was broken since all that remained was a
burned, framed opening without glass. 
          As for the likelihood that the witness disliked appellant, that matter simply created
credibility issues, as did the purported contradictions mentioned above. And, since it fell
to the jury to weigh and resolve them, it could choose whether to believe the step-child
when she identified appellant as the one who set the fire. See Lancon v. State, 253
S.W.3d 699, 705 (Tex. Crim. App. 2008) (stating that it falls within the province of the jury
to resolve credibility issues). Finally, the step-child’s testimony, if believed by the fact
finder, was more than sufficient for a rational trier of fact to believe beyond a reasonable
doubt that appellant started the fire with intent to destroy or damage the habitation. See
Tex. Penal Code Ann. §28.02(a)(2)(A) (Vernon Supp. 2009) (stating that a person commits
arson if the person starts a fire, regardless of whether the fire continues after ignition, or
causes an explosion with intent to destroy or damage a habitation knowing that it was
within the limits of an incorporated city or town). And, we cannot say that any
contradictions in the evidence regarding tangential issues, the witness’ supposed bias, or
even testimony from appellant’s mother suggesting that appellant was home undermines
in any way our confidence in the verdict. 
          Accordingly, the judgments of the trial court are affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice 
 
Do not publish.