NO. 07-06-0337-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 9, 2007
_____

GENE EDWARD KEMP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 14,546-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Gene Edward Kemp, appeals from the trial court's determination to proceed with adjudication and an assessment of twelve years confinement in the Texas Department of Criminal Justice, Institutional Division and a fine of $2,000. We will dismiss the appeal.

Background

Appellant entered a plea of guilty to the charge of possession of a controlled substance with intent to deliver within a drug free zone and was placed on deferred

adjudication for a period of eight years. No appeal was taken from the initial plea. Subsequently, the State filed a motion to proceed with adjudication, which was heard by the trial court on July 11, 2006. Appellant entered a plea of not true to all paragraphs of the motion to proceed. After hearing the evidence, the trial court initially found that the allegations in paragraphs one and three of the motion to proceed were true and proceeded to conduct a separate punishment hearing. At the conclusion of the punishment hearing the trial court announced he had determined that appellant had violated only the first allegation. The trial court sentenced appellant to twelve years confinement and a fine of $2,000.

During the hearing on the motion to proceed, the State offered evidence of a failed urinalysis to show appellant's continued use of methamphetamine in violation of his terms and conditions of the order granting deferred adjudication. Evidence of the failed urinalysis consisted of the State's Exhibit #1, the chain of custody documentation to MedTox Laboratories in Minneapolis, Minnesota, and State's Exhibit #2, the notice of filing of a business record with the accompanying laboratory report from the test of a urine sample. The appellant also testified during the adjudication phase of the proceedings. During cross-examination, appellant admitted that he had provided a number of other urine samples that allegedly tested positive for various drugs. However, appellant claimed that all of the drug tests were flawed in one manner or another and should not be considered.

Other than the failed urinalysis supported by the exhibits, during the punishment phase of the proceeding, the trial court heard appellant's probation officer testify that

appellant had failed nine other drug tests.  Based upon all of the testimony it heard, the trial court sentenced appellant to confinement for twelve years and a fine of $2,000.

Appellant contends that the trial court committed reversible error in three particulars: 1) in considering the results of drug tests which were not before the court as evidence on punishment, 2) by consideration of scientific evidence which was admitted without a hearing on the reliability of the evidence, and 3) the refusal to conduct a hearing on the admissibility of scientific evidence should be reviewed as fundamental error despite article 42.12 § 5(b) of the Texas Code of Criminal Procedure.  We disagree with appellant's issues and order the appeal dismissed.

Analysis

Initially, we note that the right of appeal in a criminal case is a statutory right controlled by the legislative grant of the right.  See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim.App. 1992).  Further, as pointed out in Phynes the United States Constitution does not require a state to provide appellate courts or a right to appeal a criminal conviction.  Id., citing McKane v. Durston, 153 U.S. 684, 687-688, 14 S.Ct. 913, 38 L.Ed.867 (1894).  The statute in question, article 42.12 § 5(b) of the Texas Code of Criminal Procedure, specifically states:

> On a violation of a condition of community supervision. . . the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.  After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred . . . .

TEX. CODE CRIM. PROC. ANN. art 42.12 § 5(b) (Vernon Supp. 2006). Accordingly, the statutory scheme does not permit an appeal of the decision by the trial court to adjudicate.

In appellant's first issue, he argues that the trial court wrongfully considered punishment evidence and that this issue is subject to appeal. The evidence complained of dealt with other failed drug tests by appellant and was first presented during the adjudication phase of the trial. During the cross-examination of appellant, the State inquired about a number of failed drug tests. Appellant denied remembering the drug tests, yet in all but two of the occasions in question, upon further examination by the State, appellant admitted he remembered telling the probation officer there was an excuse for why the tests turned out positive. Appellant contends this evidence cannot be considered as it is an attempt by the State to prove a fact in issue by the cross-examination of a witness regarding his denial of the fact in question. See Wall v. State, 417 S.W.2d 59, 61 (Tex.Crim.App. 1967). Accordingly, appellant contends that the trial court wrongfully considered this testimony.

In attempting to ascertain whether or not the issue is appealable, we first consider the purpose for which the State offered the evidence. During direct examination, appellant testified that, despite the MedTox report, he had not been using methamphetamine. To prove this point, he testified that he was tested by his employer in December prior to taking the job and was hired. Additionally, appellant testified that he was tested again in February and retained his job. The obvious import of these questions was that the tests given in

4

December and February were negative for methamphetamine use.[1] Later during direct examination, appellant testified that he felt like he had given all he had to his probation. During cross-examination, the State went into the other failed drug tests, over appellant's objection that they were not discussed nor was any evidence of them produced during the State's case. The trial court overruled the objection with the ruling that appellant had opened the door to this line of questions by referring to having given probation his all. On appeal, appellant has not contested the trial court's ruling on the objection to admissibility of the prior drug test evidence. From the context of the circumstances of the receipt of the testimony, it is clear that the trial court ruled properly that appellant had opened the door to the admission of the failed drug tests. Wheeler v. State, 67 S.W.3d 879, 885-86 (Tex.Crim.App. 2002). It is apparent to the court that the trial court properly admitted the evidence during the adjudication phase for the purposes expressed in the record.

Having determined that the testimony was admitted in the adjudication phase under a proper theory, our inquiry becomes whether appellant's claim of error directly and distinctly related to punishment rather than to the decision to adjudicate. Hogans v. State, 176 S.W.3d 829, 830-31 (Tex.Crim.App. 2005). Notwithstanding the statements by the trial court at the conclusion of the punishment hearing, the evidence in question did not relate to the sentence in question directly and distinctly. Id. at 834. That the testimony of failed drug tests contributed to punishment may well be true; however, this is not the test. Id. All evidence offered during an adjudication hearing will affect or impact punishment.

---

[1] The record reveals that appellant was not asked the question of what the test results were, only that he was hired after the December test and retained after the February test.

Id. at 835. The fact that evidence may be probative to both the decision to adjudicate and to the assessment of an appropriate punishment does not convert adjudication evidence into punishment evidence. Id. Accordingly, we dismiss appellant's first issue concluding that the evidence of the failed drug tests did not relate directly and distinctly to sentencing and, therefore, is nonappealable.

Next, appellant posits that the refusal of the trial court to conduct a hearing on the scientific reliability of the drug test admitted during adjudication should be reviewed under a fundamental error standard. However, appellant has cited the court to no cases that would permit us to consider this issue in light of the legislative determination that there be no appeal from a decision to adjudicate. As the second and third issues raised by appellant deal with evidentiary matters that arose during the adjudication phase of the proceedings, the court is without jurisdiction to hear them and they are dismissed. TEX. CODE CRIM. PROC. ANN. art 42.12 § 5(b) (Vernon Supp. 2006).

Conclusion

Appellant's appeal is dismissed for want of jurisdiction.

Mackey K. Hancock
Justice

Do not publish.

6