# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 0609013400 |
| | ) | |
| STEVIE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

Submitted: January 18, 2022
Decided: April 7, 2022

*Upon Consideration of Motion for Appointment of Counsel,*
**DENIED.**

*Upon Consideration of Motion for Postconviction Relief,*
**DENIED.**

David Hume IV, Esq., Deputy Attorney General, Department of Justice, Georgetown, Delaware, *Attorney for the State of Delaware.*

Stevie A. Jones, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se*.

**CONNER, J.**

# FACTUAL AND PROCEDURAL BACKGROUND

(1) On January 23, 2008, Defendant Stevie Jones ("Jones") pled guilty to multiple charges including aggravated menacing and first-degree robbery.[1] Jones was sentenced to fifteen years of Level V incarceration followed by probation.[2] He did not appeal his sentence or convictions to the Delaware Supreme Court.[3]

(2) On April 14, 2021, Jones filed a motion for correction of an illegal sentence,[4] which was denied by this Court on April 16, 2021.[5] Jones appealed the denial of the motion.[6] On appeal, Jones argued that his sentence "runs afoul of the double jeopardy protections of the Fifth Amendment to the United States Constitution because . . . . the Fifth Amendment requires that his convictions for aggravated menacing and first-degree robbery be merged for sentencing purposes."[7] The Court affirmed the denial of the motion, holding that Jones' voluntary guilty plea "waives any claim of a double jeopardy violation."[8]

---

[1] *Jones v. State*, 258 A.3d 145, 2021 WL 3179449, at *1 (Del. July 27, 2021) (TABLE).
[2] *See Jones v. State*, Del. Super., I.D. No. 0609013400, Bradley, J. (Feb. 20, 2008) (ORDER); *see also* Def.'s Mot. Postconviction Relief at 1; State's Resp. to Def.'s Mot. Postconviction Relief at 2.
[3] *See Jones*, 2021 WL 3179449 at *1.
[4] *Id.*; *see also* Super. Ct. Crim. R. 35(a).
[5] *Jones*, 2021 WL 3179449 at *1.
[6] *Id.*
[7] *Id.*
[8] *Id.* (quoting *Lanzo v. State,* 123 A.3d 938, 2015 WL 5120872, at *1 (Del. Aug. 28, 2015) (TABLE)).

(3)  On November 1, 2021, Jones filed a pro se motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The sole ground for relief raised was that he received ineffective assistance of counsel from his former trial attorney, Stephanie A. Tsantes, Esq., by advising him to accept a guilty plea that Jones now believes is unconstitutional. Jones contends that a plea to both aggravated menacing and first-degree robbery violates the Double Jeopardy Clauses of the U.S. and Delaware Constitution (the "double jeopardy claim").[9] Jones contemporaneously requests appointment of postconviction counsel.[10]

(4)  On November 19, 2021, Jones filed an amended pro se motion for postconviction relief pursuant to Superior Court Criminal Rule 61 (the "Rule 61 Motion").[11] In addition to the double jeopardy claim, the amended Rule 61 Motion asserts that Jones requested his trial attorney appeal his case but his trial counsel refused, thereby "directly interfer[ing] with his appellate rights . . . ."[12]

(5)  On December 6, 2021, Stephanie Tsantes filed an affidavit in which she stated her legal file from her prior representation of Jones no longer exists and she

---

[9] U.S. Const. amend. V; Del Const. art. I, § 8.
[10] *See* Super. Ct. Crim. R. 61(e).
[11] *See id*. 61(b)(6).
[12] Def.'s Amend. Mot. Postconviction Relief at 2.

3

does not recall whether she discussed double jeopardy with Jones.[13] The affidavit does not directly address Jones' appeal claim.[14]

(6) On December 16, 2021, the State filed a response to Jones' motion for postconviction relief.[15] On December 27, 2021, Jones filed a second motion for appointment of postconviction counsel. On January 18, 2022, Jones filed a reply to the State's response.[16]

## DISCUSSION

(7) This is Jones' first motion for postconviction relief. The Court must first address the procedural bars to relief under Rule 61.[17] Generally, "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[18] However, this time limitation does not apply "to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision

---

[13] Tsantes Aff.
[14] *See id.*
[15] *See* Super. Ct. Crim. R. 61(f).
[16] *See id.*
[17] *Younger v. State*, 580 A.2d 552, 554 (Del.1990).
[18] Super. Ct. Crim. R. 61(i)(1).

(d) of [Rule 61]."[19] Subsection (d)(2)(i) requires a defendant plead "that new evidence exists that creates a strong inference that the movant is actually innocent . . . ."[20] Subsection (d)(2)(ii) requires a defendant plead with particularity "that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid."[21]

(8)    Here, Jones' postconviction motion was not filed within one year of the finalization of conviction. The convictions became final on February 23, 2008,[22] and Jones filed the instant Rule 61 Motion over thirteen years later. Further, it is clear that Jones' motion does not satisfy the pleading requirements of subparagraphs (2)(i) of subdivision (d) of Rule 61 because Jones does not allege that "new evidence exists that creates a strong inference that [he] is actually innocent. . . ."[23] Therefore, in order to avoid being procedurally barred under 61(i)(1), Jones was required to assert a retroactively applicable right that is newly recognized after February 23, 2008.[24]

---

[19] *Id.* 61(i)(5).
[20] *Id.* 61(d)(i).
[21] *Id.* 61(d)(ii).
[22] Jones was sentenced on January 23, 2008. He did not appeal. For purposes of postconviction proceedings, when a defendant does not appeal, a conviction is finalized "30 days after the Superior Court imposes sentence. . . ." Super. Ct. Crim. R. 61(m)(1).
[23] Super. Ct. Crim. R. 61(d)(i).
[24] *See id.* 61(i)(1), (5).

5

(9)     Jones does not plead with particularity that a new rule of law renders his conviction invalid. His Rule 61 motion does not rely on any case issued after the finalization of his conviction. Rather, he argues that a double jeopardy violation occurred,[25] and alleges in a bare bones manner that his right to appeal was impeded by his trial attorney.[26] Therefore, Jones has failed to meet the pleading requirements of both 61(d)(2)(ii) and the "retroactively applicable right" provision of Rule 61(i)(1). As a result, Jones' Rule 61 motion was required to be filed within one year of the finalization of conviction which it was not.

## CONCLUSION

(10)    Jones' Rule 61 motion is untimely under 61(i)(1) as it was filed thirteen years after his convictions were finalized and no retroactively appliable right renders his convictions invalid. Thus, Jones' Rule 61 motion is procedurally barred by 61(i)(1). Accordingly, the Rule 61 motion is **DENIED**.

(11)    The Court finds the motion for assistance of counsel meritless. For the reasons stated above, Jones fails to "[set] forth a substantial claim that [he] received

---

[25] The concept of double jeopardy is "deeply ingrained in at least the Anglo–American system of jurisprudence . . . ." *Green v. U.S.,* 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *see also Lanzo v. State,* 2015 WL 5120872, at *1. However, the Delaware Supreme Court previously rejected this claim. *Jones*, 2021 WL 3179449 at *1.
[26] "It is clear that the United States Constitution does not guarantee a right to appeal a state law criminal conviction." *Weber v. State*, 971 A.2d 135, 160 (Del. 2009) (citing *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894)).

ineffective assistance of counsel," and no "specific circumstances warrant the appointment of counsel."[27] Thus, the motion for assistance of counsel is **DENIED.**

**IT IS SO ORDERED.**

                                        /s/ Mark H. Conner
                                        Mark H. Conner, Judge


cc: Prothonotary

---

[27] Super. Ct. Crim. R. 61(e)(3)(ii), (iv).