**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20185

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MASSOOD DANESH PAJOOH,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

June 8, 1998

ON PETITION FOR REHEARING

Before DAVIS, WIENER, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellant Massood Danesh Pajooh filed a petition for rehearing from this Court's decision issued on February 10, 1998, complaining that the Court affirmed pursuant to Local Rule 47.6. Appellant argues in his petition that Local Rule 47.6 is unconstitutional as applied because it deprives a litigant of due process of law. Actually, the panel issued a brief per curiam opinion which did not cite Local Rule 47.6. Assuming *arguendo* that the opinion was the equivalent to an affirmance pursuant to Local Rule 47.6, we address

the Appellant's argument and conclude that no constitutional deprivation occurred.

This Court may affirm pursuant to Local Rule 47.6 which provides that the judgment or order may be affirmed or enforced without opinion under certain circumstances. Those circumstances are: (1) that a judgment of the district court is based on findings of fact that are not clearly erroneous; (2) that the evidence in support of a jury verdict is not insufficient; (3) that the order of an administrative agency is supported by substantial evidence on the record as a whole; (4) in the case of a summary judgment, that no genuine issue of material fact has been properly raised by the appellant; and (5) no reversible error of law appears. If the circumstances are met, the Court may, in its discretion, enter the order "AFFIRMED". *See* 5th Cir. R. 47.6.

There is no constitutional right to appeal; the right to appeal is a statutory one. *See Abney v. United States*, 431 U.S. 651, 656 (1977); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992); *see also* 18 U.S.C. § 3742. Appeals as of right in criminal cases were not even permitted in this country until 1889, a century after the Supreme Court of the United States was established. *Abney*, 431 U.S. at 656 n.3; Judiciary Act of 1789. The Supreme Court declared that "a review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law, and is not

2

now, a necessary element of due process of law." *McKane v. Durston*, 153 U.S. 684, 687 (1894).

Appellant argues that because Congress has created the statutory mechanism by which to appeal a criminal judgment of conviction, due process entitles him to "meaningful appellate review." Petition at 2. We agree. Litigants are entitled to have all issues fully considered and ruled on by a panel of the Court of Appeals. Appellant, however, seems to equate meaningful review to a full written opinion. In doing so, Appellant fails to distinguish between the review process and the manner in which the Court announces its decision. Whether the case merits a lengthy opinion, or whether it can be affirmed pursuant to Local Rule 47.6, or by some other form of summary disposition is determined on a case by case basis. In general decisions regarding publication and the extent to which the Court determines that a written explanation of its decisions is called for is driven by whether a full opinion will benefit bench, bar, or the litigants. These decisions, however, are quite distinct from the meaningfulness of the Court's review. We find that the court did not deprive Appellant of meaningful review of his appeal.

With respect to Appellant's second argument in his petition for rehearing regarding the merits of his case: We have considered them and find them without merit.

Accordingly, it is ORDERED that the petition for rehearing

filed in the above-entitled case is DENIED.