BLD-025                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3885
_____

UNITED STATES OF AMERICA

v.

JORGE RENTAS
a/k/a George Alecia
a/k/a Jorge Rintis

JORGE RENTAS,
                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00647-001)
District Judge:  Honorable Robert F. Kelly

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: November 18, 2013 )
_____

OPINION
_____

PER CURIAM

        Jorge Rentas, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction in

sentence.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the District Court's interpretation of § 3582(c)(2) and the United States Sentencing Guidelines, and review the Court's ultimate decision whether to grant or deny a motion under § 3582(c)(2) for abuse of discretion.  United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).  Because Rentas's appeal presents no substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In June 2010, Rentas pleaded guilty to two counts of distribution of crack cocaine and one count of distribution of cocaine, all in violation of 21 U.S.C. § 841(a)(1).  In the plea agreement, the parties agreed that Rentas should be sentenced to 120 months' imprisonment.  After Rentas's plea, but before his sentencing, Congress enacted the Fair Sentencing Act of 2010, which "chang[ed] the threshold quantities of crack cocaine that trigger mandatory minimum sentences."  United States v. Berberena, 694 F.3d 514, 517 (3d Cir. 2012).  Subsequently, the Sentencing Commission promulgated Amendment 750, which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines," and Amendment 759, which made Amendment 750 retroactive.  Id. at 517-18; see also U.S. Sentencing Guidelines Manual app. C, amends. 750, 759.  Both amendments became effective on November 1, 2011.  See U.S.S.G. app. C, amends. 750, 759.

On March 30, 2012, Rentas was sentenced.  The District Court (and the parties) considered the changes wrought by the Fair Sentencing Act, Amendment 750, and Amendment 759.  Under the amended sentencing regime, Rentas was subject to a Guidelines range of 188 to 235 months' imprisonment.  Nevertheless, the District Court

2

imposed the agreed-upon sentence of 120 months. Rentas appealed to this Court, and we summarily affirmed. See C.A. No. 12-1927.

Rentas then filed the motion under 18 U.S.C. § 3582(c)(2) that is at issue here, claiming that his sentence should be reduced in light of Amendments 750 and 759. The District Court concluded that, because it had already taken the amendments into account during sentencing, Rentas was entitled to no relief. Rentas then filed a timely notice of appeal.

Under 18 U.S.C. § 3582(c)(2), a district court may reduce an imposed sentence in the case of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2) (emphasis added); see also Dillon v. United States, 130 S. Ct. 2683, 2690-91 (2010). Rentas seeks relief pursuant to Amendments 750 and 759 to the Sentencing Guidelines. As noted above, however, these amendments became effective on November 1, 2011. See United States v. Ware, 694 F.3d 527, 530 (3d Cir. 2012). Meanwhile, Rentas was sentenced nearly four months later, on March 30, 2012. Thus, because both amendments were already in effect when Rentas was sentenced, they provide no basis for relief under 18 U.S.C. § 3582(c). See generally United States v. Flemming, 617 F.3d 252, 257 (3d Cir. 2010); see also United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam).

Accordingly, we will summarily affirm the District Court's judgment.[1]

---

[1] We also reject Rentas's contention that our summary-action procedure violates his right to due process.  See <u>United States v. Pajooh</u>, 143 F.3d 203, 204 (5th Cir. 1998).