land's assets, including those to which Voest may be entitled, will be that of the bankruptcy court.

We DISMISS Voest's appeal of the district court's order withdrawing the reference and remanding the state-law claims for want of jurisdiction.

**John P. HOLTON, Jr., Plaintiff–Appellant,**

v.

**INDIANA HORSE RACING COM-MISSION and Joe Gorajec, Defendants–Appellees.**

No. 04–2521.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 26, 2005.

Decided Feb. 22, 2005.

Roger A. Young (argued), Young & Young, Franklin, IN, for Plaintiff–Appellant.

Robin Babbitt (argued), Bingham McHale, Indianapolis, IN, for Defendants–Appellees.

Before EASTERBROOK, RIPPLE, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

Stewards at Hoosier Park in Indiana concluded that Chilly Peppa had violated race rules and set her back from second to third place. The difference in the purse was $6,250. John Holton, the filly's owner, asked the Indiana Horse Racing Commission to review the stewards' decision. It declined, deeming the action non-reviewable under 71 Ind. Admin. Code 10–2–9(f). Although the Commission's disposition could have been challenged in state court, see Ind.Code § 4–21.5–5–2, Holton let the period of limitations expire. But time remained in the longer period for a suit under 42 U.S.C. § 1983, so Holton has tried this instead. He sued both the Commission and Joe Gorajec, its executive director, contending that they violated the equal protection clause of the fourteenth amendment by entertaining appeals selectively. The commission reviews some decisions notwithstanding Rule 10–2–9(f), Holton maintains, and he submits that selectivity is unconstitutional.

■ The district court dismissed the complaint for lack of jurisdiction, ruling that the eleventh amendment forecloses all possibility of relief. 2004 U.S. Dist. LEXIS 14442 (S.D.Ind. May 18, 2004). This was a misstep. The Commission, which is part of Indiana's state government, is not a "person" for purposes of § 1983. It is both unnecessary and inappropriate to decide whether the Constitution would prevent litigation that Congress has not authorized in the first place. See Lapides v. University of Georgia, 535 U.S. 613, 617–18, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). Gorajec is a "person" who may be sued, in his official capacity, under the doctrine of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The relief that Holton requests— an order directing the Commission to re-view the stewards' decision in order to meet a constitutional requirement—is a kind of prospective equitable remedy compatible with state sovereign immunity under Young. See also, e.g., Verizon Maryland Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 645–46, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). Holton would encounter a problem had he asked the court to direct the Commission to re-verse the stewards' decision and pay him $6,250, see Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), but a request for review differs from a request for damages.

■ On the merits, however, Holton's claim is unavailing. No decision of which we are aware holds that the Constitution creates a right to administrative review. Many systems—of which the Social Security disability-benefits apparatus is a good example—allow review at the discretion of appellate tribunals. That is common within the judiciary too; think of the Supreme Court's certiorari power. Holton does not contend that the Commission took his race, religion, or any other forbidden characteristic into account, nor does he claim to be a "class of one" burdened by an irrational and perhaps vindictive application of rules that are valid as written. See Willow-brook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). His sole contention is that the Constitution entitles everyone to an administrative appeal as a matter of right. That position lacks support in the Constitution's language, history, and judicial interpretation. See McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894) (no constitutional right to appeal, even in a criminal prosecution).

At oral argument Holton's lawyer changed ground and insisted that the stewards themselves had violated the due process clause by failing to afford him an

opportunity to present evidence and arguments before making a decision. But the stewards are not parties to this litigation, and no such contention appears in his brief; it is therefore doubly forfeited. What is more, the stewards appear to be private rather than state actors, no more bound to offer hearings than are referees of the National Football League engaged in replay review. We therefore need not decide whether the placement and purse at a horse race in Indiana are property interests to which the due process clause applies. Compare *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), with *Edelberg v. Illinois Racing Board*, 540 F.2d 279, 282–83 (7th Cir.1976).

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the complaint on the merits.