NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided May 14, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 08-3208 | |
| | Appeal from the United States District |
| DANIEL S. KONAR, | Court for the Northern District of Illinois, |
|     *Plaintiff-Appellant,* | Eastern Division. |
| | |
|     *v.* | No. 07 C 628 |
| | |
| STATE OF ILLINOIS, | John W. Darrah, |
|     *Defendant-Appellee.* | *Judge.* |

**ORDER**

Daniel Konar sued the State of Illinois in federal court after he became unhappy with the course of a divorce and custody matter. Konar claims that rulings issued in that state-court litigation have violated his constitutional rights. The district court dismissed the complaint on the basis of sovereign immunity. We affirm, but modify the judgment to reflect a dismissal for failure to state a claim. *See Richards v. Kiernan*, 461 F.3d 880, 886 (7th Cir. 2006).

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

The State of Illinois is the only defendant named in Konar's amended complaint.  His lawsuit, filed shortly before judgment was entered in his divorce proceeding, accuses the State of depriving him of custody of his son without due process and engaging in gender discrimination.  The State's conduct, according to Konar, violated his rights under the Constitution as well as Title IX of the Education Amendments of 1972, the Universal Declaration of Human Rights, and the Vienna Declaration and Programme of Action.  As relief Konar asked that the district court exercise jurisdiction over his Illinois divorce case, declare the Illinois Marriage and Dissolution of Marriage Act unconstitutional, and award him $12 million in damages.  The court had earlier dismissed Konar's first complaint on the ground that the State was immune from suit under the Eleventh Amendment, and at the State's urging, the court dismissed the amended complaint on the same basis, this time with prejudice.  Our review is de novo.  *See Vill. of DePue, Illinois v. Exxon Mobil Corp.*, 537 F.3d 775, 782 (7th Cir. 2008).

In the district court the State argued that the entire complaint could be dismissed with prejudice under the Eleventh Amendment, but in this court the State retreats from that position.  As the State now concedes, Title IX abrogates its Eleventh Amendment immunity, *see* 42 U.S.C. § 2000d-7(a)(1); *Cherry v. Univ. of Wis. Sys. Bd. of Regents*, 265 F.3d 541, 554-55 (7th Cir. 2001), and that immunity, although intact for Konar's remaining claims, *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), would not have allowed dismissal *with prejudice* of nonfrivolous claims that might have been litigated in state court, *see Feldman v. Ho*, 171 F.3d 494, 498 (7th Cir. 1999).  But dismissal with prejudice was still correct because Konar's complaint is frivolous.  Except for the Title IX claim, the suit is premised on 42 U.S.C. § 1983, yet that statute does not authorize litigation against the states for violations of the Constitution or federal law, including treaty obligations.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Holton v. Ind. Horse Racing Comm'n*, 398 F.3d 928, 929 (7th Cir. 2005); *see also Jogi v. Voges*, 480 F.3d 822, 827-28 (7th Cir. 2007).  Thus, a straightforward application of § 1983 resolves all but the Title IX claim, and the district court should have refrained from addressing the question of sovereign immunity.  *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779-80 (2000); *Holton*, 398 F.3d at 929. Moreover, Konar cannot state a claim under the Universal Declaration of Human Rights or the Vienna Declaration because both are non-binding declarations that provide no private rights of action.  *See* World Conference on Human Rights, June 14-25, 1993, *Vienna Declaration and Programme of Action*, U.N. Doc A/ CONF.157/23 (July 12, 1993); Universal Declaration of Human Rights, G.A. Res. 217A (III), U.N. GAOR, 3d Sess., 1st plen. mtg., U.N. Doc A/810 (Dec. 12, 1948); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) (explaining that Universal Declaration is simply a statement of principles and not a treaty or international agreement that would impose legal obligations); Jochen von Bernstorff, *The Changing Fortunes of the Universal Declaration of Human Rights: Genesis and Symbolic Dimensions of the Turn to Rights in International Law*, 19 EUR. J. INT'L L. 903, 918 (2008) (noting

that Vienna Declaration is "non-binding").  And to the extent that Konar claims a violation of Title IX in connection with a court-ordered parenting class, he does not allege that an educational institution excluded him from participation, denied him benefits, or subjected him to sex discrimination within the context of the program itself, as would be necessary to state a claim under Title IX.  *See* 20 U.S.C. § 1681(a); *Davis ex rel. LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 640-41 (1999); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 604-05 (7th Cir. 2008); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1018-19 (7th Cir. 1997).

Accordingly, the judgment of the district court is modified to reflect a dismissal for failure to state a claim, and we AFFIRM as modified.