**UNITED STATES of America**

v.

**Eugene E. CHATMAN, Appellant.**

**No. 09–1581.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2009.

Filed: Nov. 5, 2009.

Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Eugene E. Chatman, Pittsburgh, PA, pro se.

BEFORE: SMITH, FISHER, and NYGAARD, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant Eugene Chatman was convicted of trespass on Veterans Administration property, a violation of 18 Pa.C.S. § 3503 and the Assimilative Crimes Act. The District Court imposed no fines or costs, but did restrict Appellant's presence on Veterans Administration grounds. The District Court's restrictions permitted Chatman to enter Veterans Administration property solely for medical purposes and required him to have a police escort while on the grounds of Veterans Administration facilities. Chatman filed a motion to dismiss these restrictions alleging violations of his rights as a patient of the Veterans

Administration and violations of his civil rights in general. The District Court refused to lift its restrictions and Chatman has filed an appeal, pro se. We will affirm.

■ Liberally construing his pro se brief, Chatman first argues that the restrictions imposed by the District Court constitute harassment and a denial of medical treatment. This argument is unsupported by the record. Furthermore, the District Court's restrictions do not prevent Chatman from receiving medical treatment in any manner. This argument has no merit. Chatman also argues that the District Court's restrictions violate his privacy rights under Article 12 of the *Universal Declaration of Human Rights* as adopted by the United Nations in 1948. This argument lacks merit because the *Universal Declaration of Human Rights* is a nonbinding declaration that provides no private rights of action. *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) (explaining that Universal Declaration is simply a statement of principles and not a treaty or international agreement that would impose legal obligations.).

■ Next, Chatman quotes the Fourth Amendment to the Constitution, but makes no supporting argument to overcome his conviction and/or sentence. Although pro se briefs are afforded liberal construction, arguments must be briefed in order to be preserved. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Put another way, Chatman's failure to identify an error is the same as if he had not appealed the judgment. *See e.g. Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Finally, Chatman makes a request for "punitive damages" because of alleged false imprisonment by the Veterans Administration authorities. We agree with the Government that this request for civil relief exceeds the bounds of a criminal appeal. We further find this request meritless and frivolous.

We will affirm the order of the District Court.