**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2655
_____

PATRICIA LORENE VIZI,

Appellant

v.

OUTBACK STEAKHOUSE; BO SMITH;
DALLAS FREEDMAN; JENNA CAREY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-15-cv-00140)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2016
Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Filed: December 2, 2016)
_____

OPINION[*]
_____

PER CURIAM

　　Patricia Vizi appeals the District Court's order dismissing her complaint.  For the

reasons below, we will affirm the District Court's order.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

For several months in 2013, Vizi worked at an Outback Steakhouse (Outback) in Louisiana. In an administrative charge filed with the Equal Employment Opportunity Commission (EEOC), Vizi argued that she was discriminated against by Outback based on her disability. She alleged that a supervisor hit her in the back and commented on her disability and another coworker lightly touched her back because she may have heard that Vizi had a disability. She did not explain what her disability was. She stated she was terminated for alleged performance issues. The EEOC investigated but was unable to conclude if any statutes were violated.

First District Court proceeding

Vizi then filed a complaint in the United States District Court for the Western District of Pennsylvania against both Outback and the EEOC. While she discussed several grievances she had with Outback, the only reference she made to potentially having a disability was that she told a coworker that he could not hit her on the back because she had had neck surgery. The District Court dismissed the complaint without prejudice to Vizi filing a complaint in the United States District Court for the Western District of Louisiana.

Ten days later, Vizi submitted a document titled "Complaint" which included some additional allegations and attached exhibits. At the end of the document, she stated that she wished to appeal the District Court's decision. This document was docketed as a new proceeding.

Second District Court proceeding

In his Report and Recommendation in the second proceeding, the Magistrate Judge noted that Vizi expressed an intent to appeal the District Court's order from the first proceeding but opined that treating the document as a notice of appeal would be a "waste." He recommended that the District Court dismiss the second complaint without leave to amend for failure to state a claim. The docket entry for the Report and Recommendation stated that objections to the Report and Recommendation were due by May 14, 2015.

On May 12th, Vizi filed a document in which she requested that the District Court reconsider its dismissal of her case. She included additional allegations in an attempt to clarify her claims. This pleading was docketed as a third complaint. On May 22, 2015, the District Court adopted the Report and Recommendation and dismissed the second complaint without leave to amend. It noted that Vizi had not filed any objections but had filed a new complaint.

Third District Court proceeding

In the third proceeding, the Magistrate Judge recommended that the complaint be dismissed without leave to amend and that further complaints filed by Vizi about her employment with Outback should be immediately dismissed. He noted that it was possible that Vizi intended the filing to serve as objections to the dismissal of the complaint in the second proceeding. The District Court adopted the Report and

3

Recommendation and dismissed the complaint without leave to amend for failure to state a claim. Vizi filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. In order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to establish a prima facie case of discrimination based on disability, Vizi needed to show that she (1) has a disability (2) is otherwise qualified and (3) suffered an adverse employment action because of that disability. Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3d Cir. 1998) (en banc). The employer must have had knowledge of the disability at the time of the adverse action. Geraci v. Moody-Tottrup, Int'l, Inc., 82 F.3d 578, 581 (3d Cir. 1996). Pursuant to 42 U.S.C. § 12102, a disability is a "physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment."

Vizi has not made a prima facie showing that she is disabled or regarded as such. While she mentioned having had neck surgery, she has not described how that has limited one or more of her major life activities. In fact, Vizi alleged that she did not ask for any modifications to her job duties because she "was finally in good enough shape to not need any." Her allegation that a supervisor expressed concern about her neck and back

4

are not sufficient to make a prima facie claim that she was perceived as disabled: "[i]t was stated to me by Bo Smith that he was worried about me because of my neck and back."

Even if Vizi could show she had a disability, she has not made a prima face case that she suffered an adverse employment action because of that disability. She alleges that she was harassed when a coworker called her a bitch, a n-gger, and a prostitute. Another coworker asked her if she thought Outback was a mental ward. While she stated that she was terminated for performance issues, we will assume she is alleging that she was terminated based on her disability. While Vizi sets forth a laundry list of grievances in her complaint about how she was treated during her employment with Outback, she has not offered sufficient allegations to allow a court to make an inference that Outback discriminated against her based on her disability.[1]

While the Magistrate Judge recommended immediate dismissal of any complaints Vizi filed in the future relating to her employment at Outback, the District Court did not include any such command in its order dismissing the complaint. An order restricting a litigant's ability to file cases is an extreme measure and should only be entered with

---

[1] In her brief, Vizi cites to the Universal Declaration of Human Rights as well as the criminal law definitions of perjury and false claims. However, the Declaration is a non-binding declaration that provides no private rights of action. Sosa v. Alvarez–Machain, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law.") To the extent that Vizi is seeking to bring criminal charges, there is no federal right to require the government to initiate criminal proceedings. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also United States v. Berrigan, 482 F.2d 171, 173-74 (3d Cir. 1973) (Government is permitted some

caution in exigent circumstances. <u>In re Oliver</u>, 682 F.2d 443, 445 (3d Cir. 1982). While

Vizi's pleadings were docketed as three separate complaints, the Magistrate Judge

acknowledged that the second complaint could have been construed as a notice of appeal[2]

and the third complaint could have been construed as objections to his Report and

Recommendation. The record would not support an order restricting Vizi's filings, and

we presume that none was adopted. <u>See</u> <u>Brow v. Farrelly</u>, 994 F.2d 1027, 1038-39 (3d

Cir. 1993).

     For the above reasons, we will affirm the District Court's order.

---

selectivity in its enforcement of criminal laws).

[2] Courts should construe notices of appeal liberally, especially those filed by pro se litigants. <u>Gov't of the V.I. v. Mills</u>, 634 F.3d 746, 751 (3d Cir. 2011). If there is no genuine doubt regarding who is taking the appeal, from what order, and to which court, mistakes in a notice of appeal should not be considered fatal. <u>Id.</u> at 751-52. Here, the Magistrate Judge recognized that in her pleading docketed as a second complaint, Vizi expressed a desire to appeal the District Court's order in the first proceeding. As the opposing parties had not yet been served, they would have suffered no prejudice if the second complaint had been docketed as a notice of appeal. <u>See</u> <u>id.</u> at 752.