**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEWIS ROSS BROWN, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )     Civil Action No. 22-1708 (UNA) |
| | ) |
| TESSA L. BURMANIA *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM OPINION**

Lewis Ross Brown, a former employee of the Environmental Protection Agency, alleges that defendants "blacklisted [him] from employment within the Federal Government after [he] was removed for exercising [his] right to file an EEO Complaint and to report [defendants'] misconduct . . . to the Agency OIG" and others. Compl. at 3, Dkt. 1. He purports to bring this action under the Universal Declaration of Human Rights. *See id.* His claim fails because the Declaration does not provide a private right of action. *See Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."); *Vizi v. Outback Steakhouse*, 672 F. App'x 168, 171 n.1 (3d Cir. 2016) (per curiam) (finding that "Universal Declaration of Human Rights . . . is a nonbinding declaration that provides no private rights of action"); *Konar v. Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009) (finding that appellant "cannot state a claim under the Universal Declaration of Human Rights or the Vienna Declaration because both are non-binding declarations that provide no private rights of action"); *Perry v. Frederick*, No. 22-CV-1973, 2022 WL 1810713, at \*1 n.3 (E.D. Pa. June 2, 2022) (recognizing Third Circuit's ruling in *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009), that "the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action").

1

The Court will grant plaintiff's application to proceed *in forma pauperis* and, for the reasons stated above, dismiss the complaint and this civil action. An Order is issued separately.


DATE: June 21, 2022

/s/
DABNEY L. FRIEDRICH
United States District Judge