NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022*
Decided August 31, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-2677

| | |
|---|---|
| MARK A. VANDENBOOM, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:21-cv-01831-JRS-MG |
| STATE OF INDIANA, | |
| *Defendant-Appellee*. | James R. Sweeney II, |
| | *Judge*. |

**O R D E R**

After losing a medical-malpractice suit in state court, Mark VandenBoom sued the State of Indiana in federal court for violating his due-process rights during the state-court litigation. The district court dismissed the case with prejudice, determining that the state was immune under the Eleventh Amendment and that the court lacked jurisdiction under the *Rooker–Feldman* doctrine to disturb state-court judgments. *D.C. Ct.*

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*of App. v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). We affirm the judgment, with the modification that the claims barred by *Rooker–Feldman* should have been dismissed without prejudice.

We recount the facts as alleged in VandenBoom's federal complaint. *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021). The complaint includes little detail, but it appears that several years ago VandenBoom lost his Indiana medical-malpractice suit at summary judgment. He struggled to find an attorney and a medical expert. VandenBoom believes that he lost the case not because it lacked merit but because Indiana law—by capping damages and requiring him to present an expert medical witness—effectively deprived him of his day in court. *See* Indiana Medical Malpractice Act, IND. CODE 34-18-14-3(a)(3); *Chi Yun Ho v. Frye*, 880 N.E. 2d 1192, 1201 (Ind. 2008). He unsuccessfully sought relief in the state appeal process.

VandenBoom then turned to federal court and sued the State of Indiana for damages in connection with due-process violations in the state-court proceedings. *See* 42 U.S.C. § 1983. As best we can tell, he thinks that state officials denied him due process by enforcing the Indiana Medical Malpractice Act, which he believes unfairly required him to procure a medical expert in order to defeat summary judgment. He also alleged that the Act caused him emotional harm by protracting the stressful litigation and making his search for representation long and difficult. The district judge screened and dismissed the complaint, 28 U.S.C. § 1915(e)(2), stating that the Eleventh Amendment immunizes states against suits for damages.

VandenBoom sought leave to amend his complaint to request alternative relief, including a declaratory judgment that the Medical Malpractice Act is unconstitutional and an order entering judgment for him in the state litigation. The judge denied the motion and dismissed the complaint with prejudice. He explained that the State of Indiana's immunity extends to suits seeking equitable relief against the state and that district courts lack jurisdiction to overturn a state-court judgment.

On appeal VandenBoom first challenges the conclusion that the district court lacked jurisdiction to overturn the state-court judgment against him. He contends that the *Rooker–Feldman* doctrine does not bar his claims because—as he tells us in his appellate brief for the first time—he argued in state court that the Act was unconstitutional and that the state court overstepped its jurisdiction by ruling on a federal constitutional issue.

Contrary to VandenBoom's assertions, state courts generally have jurisdiction to decide matters of federal law such as a statute's constitutionality, and no exception to that rule applies here. *See Haywood v. Drown*, 556 U.S. 729, 734–35 (2009) (identifying "narrowly defined" exceptions). The district court lacked jurisdiction over VandenBoom's claims seeking to reverse the Indiana court's judgment or alleging injury stemming from it. *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 415–16. We note, however, that these claims should have been dismissed without prejudice, and so we modify the judgment accordingly. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581–82 (7th Cir. 2019).

VandenBoom next challenges the judge's ruling that the Eleventh Amendment bars his claims for money damages. While we agree with the judge that these claims cannot go forward, we need not reach the Eleventh Amendment issue because, immunity aside, the state is not a "person" who can be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000) (courts should resolve § 1983 claims against states on statutory, not constitutional, grounds); *Holton v. Ind. Horse Racing Comm'n*, 398 F.3d 928, 929 (7th Cir. 2005) ("It is both unnecessary and inappropriate to decide whether the Constitution would prevent litigation that Congress has not authorized in the first place."). We therefore uphold the dismissal with prejudice of those claims not barred by *Rooker–Feldman*.

We have considered VandenBoom's other arguments, and they are meritless. The district court's judgment is AFFIRMED as modified.