[Cite as *State v. Szozda*, 2022-Ohio-2294.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-21-1026

      Appellee                            Trial Court No.  CR0202001368

v.

Michelle Szozda                                  **DECISION AND JUDGMENT**

      Appellant                           Decided:  June 30, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

David Klucas, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a January 13, 2021 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to an indefinite term of incarceration,

ranging from a minimum term of six years to a maximum term of nine years, following

appellant's negotiated no contest plea on one count of aggravated vehicular homicide, in violation of R.C. 2903.06, a felony of the second degree. For the reasons set forth more fully below, this court affirms the judgment of the trial court and remands the case to the trial court for the sole purpose of issuance of a nunc pro sentencing entry.

{¶ 2} Appellant, Michelle Szozda, sets forth the following sole assignment of error:

THE SENTENCE IMPOSED BY THE TRIAL COURT IS CONTRARY TO LAW.

{¶ 3} The following undisputed facts are relevant to this appeal. On October 6, 2019, appellant attended a bridal shower at the residence of a co-worker, with whom appellant worked at a Toledo-area restaurant.

{¶ 4} It is undisputed that while at the bridal shower over the course of the afternoon, appellant consumed approximately three alcoholic drinks, 10 alcohol-infused jello shots, and ingested several lines ("bumps") of cocaine.

{¶ 5} At approximately 8:00pm, after consuming the above-detailed drugs and alcohol, appellant agreed to drive another party attendee to the residence of his sister's boyfriend in order to purchase additional cocaine.

{¶ 6} After driving to the location and purchasing an additional $200 in cocaine, appellant began the return trip to the bridal shower. While driving back to the bridal

shower, appellant turned directly into the path of a lawfully traveling vehicle at the intersection of Dorr St. and Detroit Ave.

{¶ 7} A Toledo father traveling with his 22-month old daughter was driving the other vehicle. At the intersection, appellant turned and drove directly into the path of the oncoming vehicle. A high-impact collision occurred.

{¶ 8} The man driving the other vehicle sustained fatal injuries and died at the scene. He was declared dead by the responding members of the Toledo Fire Department. His infant daughter, who had been secured in her infant car seat, was uninjured.

{¶ 9} Appellant falsely claimed to responding officers that she had not consumed alcohol prior to the accident. However, post-collision testing of appellant confirmed that she had a blood alcohol level of .13, as well as cocaine metabolites in her system. In conjunction, appellant's passenger truthfully disclosed to the officers that both he and appellant consumed alcohol prior to the accident.

{¶ 10} Testing further confirmed that the victim had no drugs or alcohol in his system. The post-mortem conducted by the Lucas County Coroner determined that the decedent's cause of death was blunt force trauma to the chest sustained in the collision.

{¶ 11} On February 28, 2020, appellant was indicted on two counts of aggravated vehicular homicide, in violation of R.C. 2903.06, with the charges being second degree and third degree felonies, respectively.

3.

{¶ 12} On September 30, 2020, following plea negotiations, appellant entered a voluntary plea of no contest to the first count set forth in the indictment, one count of aggravated vehicular homicide, in violation of R.C. 2903.06, a felony of the second degree. In exchange, the remaining felony offense was dismissed. A presentence investigation was ordered.

{¶ 13} During the change of plea colloquy, uncontroverted evidence was presented by appellee establishing that on October 6, 2019, appellant was driving while returning to a bridal shower, after consuming alcohol and cocaine, and then leaving the party to purchase additional cocaine.

{¶ 14} Evidence was presented reflecting that while appellant falsely claimed to investigators that she had not consumed alcohol or drugs prior to the accident, subsequent blood alcohol testing and subsequently obtained recorded telephone conversations between appellant and her husband established that she had consumed both drugs and alcohol during the party and that she was trying to "beat a traffic light" when the collision occurred.

{¶ 15} On January 13, 2021, the trial court conducted appellant's sentencing hearing. In conformity with the terms of the negotiated plea agreement, appellee declined to make a sentencing recommendation and deferred to the discretion of the trial court.

4.

{¶ 16} At sentencing, counsel for appellant presented a vigorous statement in mitigation on his client's behalf, discussing her responsibilities and history as a working mother.

{¶ 17} Although advocating for a minimum sentence for appellant, counsel conceded that, "[T]here may be an argument made by some that a sentence at the bottom of the range isn't adequately punitive [given that appellant caused a fatal accident while under the influence of cocaine and alcohol]."

{¶ 18} During this statement in mitigation, counsel for appellant acknowledged, "In these kind of offenses, maybe more than any other kind[,] *the court has to consider a deterrent factor here because try as we might as a society we seem to be only marginally successful keeping people from driving when they shouldn't. And I know that in this effect -- or in this offense[,] that deterren[ce] is a real factor*." (Emphasis added).

{¶ 19} The family members impacted by the death in this case elected to have the victim's mother present a collective victim impact statement to the trial court at sentencing. In addition, letters from the family members were read into evidence.

{¶ 20} The victim's mother detailed the life altering consequences resulting from the sudden, untimely death of her son. She described arriving on the scene of the accident and seeing her son's body lying on the pavement and not being permitted to hold him. She described witnessing her 22-month-old granddaughter placed in the back of a police cruiser because the infant's father had just been killed in an accident.

5.

{¶ 21} The victim's mother then described how her son's girlfriend had coincidentally called him just after the accident occurred, but before he passed away. He managed to hit the answer button on his mobile phone, but was unable to communicate. The victim's girlfriend heard loud background noises, including hearing the moans of her dying boyfriend.

{¶ 22} The victim's mother stated, "She destroyed our family and [also] damaged her own family. She wasn't thinking of anyone that night, only herself and having a good time."

{¶ 23} Additional victim impact letters within read into the record that had been written by the victim's father, brother, sons, and several close family members.

{¶ 24} The letter from the victim's father stated, "I think she deserves the maximum. She took a part of our lives [that] we will never get back. *Less than the maximum is a slap on the hand. She gets to go back to her family, he doesn't have that choice*." (Emphasis added).

{¶ 25} Following the statement in mitigation and the victim impact statement and letters, the trial court reflected and discussed in detail the competing interests to be weighed in crafting a sentence.

{¶ 26} Ultimately, the trial court imposed a mandatory, less than maximum, indefinite sentence, ranging from six years to nine years. The sentence was more than

6.

that the minimum requested by appellant, and less than the maximum requested by the victim's family. This appeal ensued.

{¶ 27} In the sole assignment of error, appellant argues that the felony sentence imposed in this case is contrary to law.

## Analysis

{¶ 28} We review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2021-Ohio-875, ¶ 7. R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court finds by clear and convincing evidence that the sentence is contrary to law.

{¶ 29} That section states in relevant part:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

7.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08 (G)(2).

## State v. Jones

{¶ 30} In principle support, appellant argues, "*Jones [State v. Jones]*, 163 Ohio St.3d 649, 2020-Ohio-6729, 169 N.E.3d 242] extinguishes meaningful appellate review for thousands of sentences."

{¶ 31} In *State v. Jones*, 163 Ohio St.3d 649, 2020-Ohio-5729, 169 N.E.3d 242, the Ohio Supreme Court explicitly defined the issue of law pending before it for determination as, "*The state sought this court's discretionary review on one proposition of law: 'R.C. 2953.08(G)(2) does not allow a Court of Appeals to review the trial court's findings made pursuant to R.C. 2929.11 and R.C. 2929.12.' We accept jurisdiction.*" *Jones* at ¶ 16. (Emphasis added.)

{¶ 32} In chief support of that proposition of law, the state argued, "R.C. 2953.08(G)(2)(a) permits a sentence to be modified or vacated due to a lack of support in the record *only with respect to findings made pursuant to several specifically identified statutes – and R.C. 2929.11 and 2929.12 are not among them.*" *Jones* at ¶ 21. (Emphasis added.)

8.

{¶ 33} Upon ruling on this proposition of law, the Ohio Supreme Court held, in pertinent part, "*Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.*" *Jones* at ¶ 42. (Emphasis added.)

{¶ 34} The Ohio Supreme Court further elucidated in *State v. Toles*, -- N.E.3d --, 2021 WL 4516062, 2021-Ohio-3531, ¶ 10, "*R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12.*" (Emphasis added).

{¶ 35} As evident from the above, appellant's legal reasoning underpinning this appeal is premised upon discord with the Ohio Supreme Court decision in *Jones*.

{¶ 36} Given the impact of such a position upon our consideration of this case, we note at the outset that, pursuant to the linchpin judicial doctrine of stare decisis, this court, as a lower court, "is bound to follow a decision of the Supreme Court of Ohio." *State v. Abuhashish*, 6th Dist. Wood No. WD-07-048, 2008-Ohio-3849, ¶ 42.

{¶ 37} The Ohio Supreme Court encapsulated the stare decisis doctrine with clarity in *Westfield v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 43, "[A] supreme court not only has the right, but is entrusted with the duty to examine its former decisions and, when reconciliation is impossible, to discard its former errors."

**{¶ 38}** As such, it is not within the proper purview of this court, as a lower court, to entertain requests to overturn intact rulings of the Ohio Supreme Court, a court of higher authority to this court.

**{¶ 39}** In accord with the above, as this court held in *Hoeflinger, et al. v. AM Mart, LLC,* 6th Dist. Lucas No. L-16-1124, 2017-Ohio-7530, 96 N.E.3d 1247, "[A]lthough a prior decision of the supreme court may be overruled under limited circumstances, *the authority to examine previous decisions is vested in a 'supreme court,' not lower courts.*" *Hoeflinger* at ¶ 37. (Emphasis added).

**{¶ 40}** Appellant next argues, without evidentiary support that, "Punishment and retribution are the only considerations [of the trial court]," thereby suggesting that the sentence in this case was improperly rooted on a purely punitive basis.

**{¶ 41}** We note that this claim is incongruous with appellant's concession at sentencing that the nature of this case necessarily entails deterrence consideration by the trial court given that the fatal danger of people driving motor vehicles when under the influence remains a societal ill.

**{¶ 42}** This is also unpersuasive given that the trial court exercised discretion in diverging from the express request of the decedent's family to impose a maximum sentence, but rather, it imposed a less than maximum sentence.

**{¶ 43}** The trial court properly elected to do so given that it is well-established that trial courts are vested with, "full discretion to impose a prison sentence within the

10.

statutory range." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 13. The trial court did not do otherwise in this case.

{¶ 44} Beyond appellant's conjecture, the record is devoid of evidence in support of the notion that the sentence was strictly punitive, rather than the product of the trial court striking a balance in weighing competing considerations, as the transcripts of the sentencing hearing reflect it to be.

{¶ 45} As referenced above, recent Ohio Supreme Court decisions establish that appellate courts may not dispute a trial court's R.C. 2929.11 and R.C. 2929.12 considerations, so as to then arguably warrant a felony sentence modification pursuant to R.C. 2953.08(G)(2).

{¶ 46} Thus, in accord with the doctrine of stare decisis and the Ohio Supreme Court decisions set forth in *Jones* and *Toles*, we find that the legal premise underlying this appeal, arguing that *Jones,* and thereby its progeny, should be deemed unlawful by this court, countermands controlling precedent and runs afoul of stare decisis.

### Due Process and Equal Protection Post-State v. Jones

{¶ 47} As an alternative argument, appellant invites us to consider a due process and equal protection violation since, post *Jones*, an appellate review is limited to R.C. 2953.08(G)(2) without consideration of the factors enumerated in R.C. 2911.11 and 2911.12. This argument was not specifically addressed in *Jones*.

11.

**Meaningful Appellate Review and Due Process**

{¶ 48} Appellant argues that this court "still has the authority to examine her sentence for compliance with O.R.C. 2929.11 and 2929.12 because denial of that review violates her rights to meaningful appellate review and equal protection under the law."

{¶ 49} The fundamental hypothesis underlying this contention is that appellant has a right to appellate review. However, while the United States Supreme Court has long held that a "right" to appeal is not found in the Constitution, *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894), the court has also held that where a state provides a process of appellate review, the procedures used must comply with constitutional dictates of due process and equal protection. *Griffin v. Illinois* (1956), 351 U.S. 12, 18, 76 S.Ct. 585,100 L.Ed. 891.

{¶ 50} The Ohio Constitution does not specifically provide for a "right" to appeal. Section 3(B)(1)(f), Article IV of the Constitution provides, however, for the establishment of an appellate court system with jurisdiction "[i]n any cause on review as may be necessary to its complete determination." *Atkinson v. Grumman Ohio Corp.*, 37 Ohio St.3d 80, 84-85, 523 N.E.2d 851, (1988).

{¶ 51} We have recently noted that the Ohio Supreme Court observed that there are other grounds and avenues for appeal available beyond R. C. 2953.08(G)(2). In *State v. Bowles,* 6th Dist No. L-21-1074, 2021-Ohio-4401 we stated:

12.

In her concurring opinion, Justice Brunner summarized the holding in Jones stating "in Jones we simply observed that R.C. 2953.08 * * * precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations of R.C. 2929.11 and 2929.12." Id. at ¶ 10 (J. Brunner, concurring). Justice Brunner noted, however, that there are other statutory and constitutional provisions under which an offender may appeal their felony sentences outside of R.C. 2953.08(G)(2). Id. at ¶ 10, citing *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 15-22 (R.C. 2953.08 is not the only basis for appealing a sentence and it does not preclude an appeal of a sentence on constitutional grounds); *Jones* at ¶ 48-49 (Fischer, J., concurring) (an appellate court may review the trial court's findings under R.C. 2929.11 and 2929.12 for "certain limited purposes," including whether the sentence was "based on an offender's 'race, ethnic background, gender, or religion' "); R.C. 2953.08(F) (requiring an appellate court to review essentially the entire trial-court record in evaluating the legality of a sentence). In these instances, felony sentences are properly reviewed outside of the limitations of *Jones* since that review is not established under the limits of R.C. 2953.08(G)(2). In resolving an appeal of felony sentences, we must, therefore, limit our application of *Jones* to appeals in which the appellant's

13.

sole argument is that the record does not support the trial court's imposition of a prison term after considering R.C. 2929.11 and 2929.12. That argument remains "squarely prohibited" and, in light of *Toles*, appeals based on that argument alone are subject to summary resolution as a matter of law. *Toles* at ¶ 11.

Applied here, the limit of our appellate review established in *Jones* precludes our review of appellant's assignment of error. Appellant's sole argument is that his sentence was contrary to law as described in R.C. 2953.08(G)(2) because the trial court improperly weighed the sentencing factors established in R.C. 2929.11 and 2929.12 prior to imposing his sentence. Notably, he does not assign error to his sentence under any other statutory or constitutional provision which would permit our review of his sentence. Therefore, in light of *Jones* and *Toles*, it is clear that we are "squarely prohibited" from reviewing appellant's sentence as requested and we find his assignment of error not well-taken. *Id.* at ¶ 9-10.

{¶ 52} Accordingly, following *State v. Toles*, Slip Opinion No. 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring), appellant's argument that she has been denied any meaningful review under R.C. 2953.08(G)(2) is found not violative of process due her in appellate review under the federal or state constitutions and is, therefore, not well-taken.

## Equal Protection

{¶ 53} Appellant further argues that 2953.08(G)(2) establishes an irrational classification and provides no remedy for review of sentences imposed that are considered to be too harsh or too lenient and is contrary to her equal protection treatment under the federal and state constitutions.

{¶ 54} In support, appellant cites *State v. Mole*, 149 Ohio St.3d 215, 2016-Ohio-5124, 74 N.E.3d 368 (holding that R.C. 2907.03[A][13], which criminalizes sexual conduct between a minor and a peace officer at least two years older than the minor, violates the Equal Protection Clause of the Ohio Constitution).

{¶ 55} We first note that, like *Mole*, appellant herein does not claim that this purported classification of being too harshly sentenced involves a fundamental right or a suspect class. Accordingly, the standard of review in this case is the "rational basis" test, which requires that the statute be upheld if it is rationally related to a legitimate governmental purpose. *State v. Peoples*, 102 Ohio St.3d 460, 2004-Ohio-3923, 812 N.E.2d 963, ¶ 7, citing *Roseman v. Firemen & Policemen's Death Benefit Fund*, 66 Ohio St.3d 443, 447, 613 N.E.2d 574 (1993).

{¶ 56} The Supreme Court in *Mole* reasoned:

Under a federal rational-basis analysis, the appropriate standard of review is whether the difference in treatment between [the affected class and those outside the class] rationally furthers a legitimate state interest. In

general, the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification*, see United States Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 174, 179, 101 S.Ct. 453, 459, 461, 66 L.Ed.2d 368 (1980), the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, see *Minnesota v. Clover Leaf Creamery Co*., 449 U.S. 456, 464, 101 S.Ct. 715, 724, 66 L.Ed.2d 659 (1981), and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational*, see Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. [432] at 446, 105 S.Ct. [3249] at 3257 [87 L.Ed.2d 313]. *Nordlinger v. Hahn*, 505 U.S. 1, 11, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992).

Similarly, under the Ohio Constitution,

"The rational-basis test involves a two-step analysis. We must first identify a valid state interest. Second, we must determine whether the method or means by which the state has chosen to advance that interest is rational." *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 9, citing *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.* (1995), 73 Ohio St.3d 260, 267, 652 N.E.2d 952.

"Under the rational-basis standard, a state has no obligation to produce evidence to sustain the rationality of a statutory classification." *Columbia Gas Transm. Corp. v. Levin,* 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 91, citing *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter,* 87 Ohio St.3d at 58, 60, 717 N.E.2d 286. "[S]tatutes are presumed to be constitutional and * * * courts have a duty to liberally construe statutes in order to save them from constitutional infirmities." **379 *Eppley [v. Tri–Valley Local School Dist. Bd. of Edn.]*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 12, citing *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 538, 706 N.E.2d 323. The party challenging the constitutionality of a statute "bears the burden to negate every conceivable basis that might support the legislation." *Columbia Gas Transm. Corp*. at ¶ 91, citing *Lyons v. Limbach* (1988), 40 Ohio St.3d 92, 94, 532 N.E.2d 106. *224 *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944, ¶ 19–20. *Id.* at ¶ 27.

{¶ 57} In this case, appellant believes that her less than maximum sentence was too harsh and that she is effectively placed in a class of appellants that have no meaningful appellate review under R.C. 2953.08(G)(2).

{¶ 58} Nevertheless, the legislature has established an appellate review process that requires a finding by clear and convincing evidence that the sentence violates the relevant sections of R.C. 2953.08(G)(2) or the sentence is otherwise contrary to law.

{¶ 59} Although appellant would have preferred that the state legislature establish a substantially less deferential standard of review, she has not established that the standard of review fails the rational-basis test by an irrational relationship to a legitimate governmental interest. Therefore, appellant's due process and equal protection challenges are also found not well-taken and are denied.

### The Sentencing Judgment Entry

{¶ 60} In additional support of this appeal, appellant argues that an error in the sentencing judgement entry requires reversal and resentencing before a new judge. Specifically, the January 13, 2021 sentencing entry states the following:

> The Court further finds that this offense is an offense of violence pursuant to R.C. 2901.01(A)(9)(a)-(d).

> R.C. 2901.01 specifically defines an offense of violence as:

> (9) "Offense of violence" means any of the following:

> (a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31,

18.

2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section.

{¶ 61} In fact, on September 30, 2020, the defendant entered a plea of No Contest and was found guilty by the Court of Aggravated Vehicular Homicide, Count One of the indictment, a violation of R.C. 2903.06(A)(1)(a) and (B).

{¶ 62} The state acknowledges this error that this is not one of the offenses enumerated in 2901.01(A)(9)(a)-(d), nor is it substantially equivalent to such offenses required by R.C. 2901.01(A)(9)(b).

19.

**{¶ 63}** We concur with the suggestion of the state that this error can be corrected by remanding the case to the trial court with an order to issue a nunc pro tunc judgment entry to correct the error. *See State v. Simmons*, 6th Dist. Lucas No. L-20-1150, 2021-Ohio-4038.

## Conclusion

**{¶ 64}** On consideration whereof, we find that appellant has failed to establish that the felony sentence in this case was clearly and convincingly in violation of R.C. 2953.08, or was otherwise contrary to law.

**{¶ 65}** Wherefore, we find appellant's sole assignment of error not well-taken. However, we will remand this case back to the trial court to effectuate a nunc pro tunc entry, deleting the finding that the offense for which appellant was convicted is an offense of violence pursuant to R.C. 2901.01(A)(9)(a)-(d).

**{¶ 66}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed but remanded to effectuate an appropriate nunc pro tunc entry as directed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

                                               _____
                                                                         JUDGE

Gene A. Zmuda, J.
CONCUR.

                                               _____
                                                                         JUDGE


Christine E. Mayle, J.
CONCURS IN JUDGMENT
AND WRITES SEPARATELY.

                                               _____
                                                      JUDGE


**MAYLE J.**

**{¶ 67}** I concur in the judgment. But I believe that the majority misstates appellant's primary arguments relating to R.C. 2953.08(G)(2) and *State v. Jones*, 163 Ohio St.3d 649, 2020-Ohio-5729, 169 N.E.3d 242. That is, appellant does not argue that "*Jones*, and thereby its progeny, should be deemed unlawful by this court," as stated by the majority. Rather, appellant argues that R.C. 2953.08(G)(2)—as interpreted by the Supreme Court of Ohio in *Jones*—is unconstitutional as applied to appellant.

**{¶ 68}** More specifically, appellant claims (1) R.C. 2953.08(G)(2) precludes any meaningful review of her sentence—and thereby violates her right to due process— because, as *Jones* clarifies, an appellate court has no authority under R.C. 2953.08(G)(2)

21.

to modify or vacate her sentence as unsupported by the record under R.C. 2929.11 and R.C. 2929.12, and (2) the "classifications found at O.R.C. ¶2953.08(G)(2) [sic] are more random than rational" and, therefore, the application of R.C. 2953.08(G)(2)—which, as recognized by *Jones*, precludes review of the trial court's sentence under R.C. 2929.11 and R.C. 2929.12 because those statutes are not specifically referenced in R.C. 2953.08(G)(2) —violates her right to equal protection under the law.

{¶ 69} As an initial matter, it is important to note that appellant conflates two distinct concepts—i.e., whether an appellate court may conclude that *a sentence* is unsupported by the record under R.C. 2953.08(G)(2), and whether an appellate court may determine that certain *findings* are unsupported by the record under R.C. 2953.08(G)(2). In *Jones*, the Ohio Supreme Court clarified that "[t]his distinction matters" because "the General Assembly amended R.C. 2953.08(G) in 2000 to eliminate the broad provision permitting an appellate court to review whether 'the record does not support *the sentence*,' [and] it left the 'otherwise contrary to law' provision that is still in current R.C. 2953.08(G)(2)(b) unchanged." (Emphasis added.) *Jones* at ¶ 25, 38. Accordingly, because courts "must presume that the amendments were made to change the effect and operation of the law," the Ohio Supreme Court concluded that the phrase "otherwise contrary to law," as used in R.C. 2953.08(G)(2)(b), does *not* include "an appellate court's conclusion that *a sentence* is not supported by the record." (Emphasis added.) *Id.* at ¶ 38. So, although an appellate court lacks the authority to conclude that a *sentence* is

22.

unsupported by the record (which would entail substituting its judgment for that of the trial court), it may nonetheless conclude that certain *findings* are unsupported by the record under R.C. 2953.08(G)(2)(a), and then modify, remand, or vacate the sentence on that basis.

{¶ 70} To that end, appellant's as-applied challenge on equal-protection grounds is centered upon what she characterizes as the "random"—and therefore "irrational"—inclusion of only certain sentencing statutes within the appellate review of R.C. 2953.08(G)(2)(a). That statute provides that an appellate court may modify, remand, or vacate a sentence if "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant[.]" Each of the enumerated provisions requires the trial court to make findings when sentencing the defendant under certain circumstances: R.C. 2929.13(B)(1)(a) states that the trial court must sentence the offender to community control for a felony of the fourth and fifth degree that is not an offense of violence or that is a qualifying assault offense if all of the factors of (B)(1)(a)(i)-(iii) apply;[1] R.C. 2929.13(D) provides that, despite a

---

[1] Although R.C. 2929.13(B)(1)(b) provides that the trial court nonetheless retains discretion to impose a prison sentence for a felony of the fourth and fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the factors of (B)(1)(b)(i)-(x) apply, R.C. 2953.08(A)(2) states that a "defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender" if the trial court "found one or more of the factors in division (B)(1)(b) of section 2929.13 of the Revised Code to apply relative to the defendant." Moreover, we note that R.C. 2929.13(B)(1)(b) is not at issue in this appeal.

23.

presumption of a prison term for certain first and second degree felonies and certain felony drug offenses, a trial court may impose community control if it makes both of the findings that are specified in (D)(2)(a) and (b); R.C. 2929.14(B)(2)(e) states that "[w]hen imposing a sentence pursuant to division (B)(2)(a) or (b) of this section, the court shall state its findings explaining the imposed sentence"; R.C. 2929.14(C)(4) requires the court to make certain findings when imposing consecutive sentences; and R.C. 2929.20(I) requires the trial court, at a hearing on a motion for judicial release, to afford an eligible offender, his attorney, the prosecuting attorney, the victim or victim's representative, and other appropriate persons an opportunity to present written and or oral information relevant to the motion.[2].

{¶ 71} In contrast to these provisions, "R.C. 2929.11 and 2929.12 * * * are not fact-finding statutes * * *. Instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17. Accordingly, it does not appear that it is either

___

[2] I question whether R.C. 2929.20(I) is incorrectly referenced in R.C. 2953.08(G)(1). R.C. 2953.08(G)(1) previously referenced R.C. 2929.20(H). R.C. 2929.20(H) required the court to make certain findings before granting judicial release to an eligible offender. R.C. 2929.20(H) was renumbered as R.C. 2929.20(J) effective April 7, 2009. On that same date, an amendment to R.C. 2953.08(G)(1) became effective, eliminating the reference to R.C. 2929.20(H), and instead referencing R.C. 2929.20(I). Because the findings in R.C. 2929.20(H) are now contained in R.C. 2929.20(J), I believe this may have been in error and that the amended version of R.C. 2953.08(G)(1) should have referenced R.C. 2929.20(J) instead of R.C. 2929.20(I).

24.

"random" or "irrational" that the Legislature did not include R.C. 2929.11 or R.C. 2929.12 within the scope of appellate review of R.C. 2953.08(G)(2)(a).

{¶ 72} Appellant also claims that her right to due process was violated because R.C. 2953.08(G)(2)(a) precludes "meaningful" appellate review of a sentence—like hers—that is not subject to the statutes that are enumerated within that provision. I disagree for several reasons. First, R.C. 2953.08(A) begins by stating, "*In addition to any other right to appeal* * * * a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds * * *." Thus, "[i]t is clear from the language in R.C. 2953.08 that the statute does not establish the *only* avenue by which a party may appeal a sentence." *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 15. For example, as the Ohio Supreme Court recognized in *Patrick*, "R.C. 2953.02 also provides a right to appeal a judgment or final order to the court of appeals '[i]n a capital case in which a sentence of death is imposed for an offense committed before January 1, 1995, *and in any other criminal case.*'" *Id.* at ¶ 16, quoting R.C. 2953.02. Moreover, "there is no indication in the language of R.C. 2953.02 and 2953.08 that the rights to appeal described in the statutes conflict with each other." *Id.* at ¶ 17. In *Patrick*, the court determined R.C. 2953.08(D)(3)—which provides that a sentence imposed for aggravated murder "is not subject to review under this section"—did not preclude Patrick's constitutional challenge to his aggravated-murder sentence because "R.C. 2953.08(A)(4) does not

25.

describe an appeal taken on constitutional grounds and [therefore] such an appeal is not an appeal 'under this section' as described in R.C. 2953.08(D)(3)." *Id.* at ¶ 22.

{¶ 73} In addition, as we recognized in *State v. Bowles*, 6th Dist. No. L-21-1074, 2021-Ohio-4401, ¶ 9, R.C. 2953.08(G)(2), as interpreted in *Jones*, merely precludes review of appeals where "the appellant's *sole argument* is that the record does not support the trial court's imposition of a prison term after considering R.C. 2929.11 and 2929.12." (Emphasis added.)  Indeed, in *State v. Bryant*, Slip Opinion No. 2022-Ohio-1878, ¶ 22, the Ohio Supreme Court recently clarified that *Jones* has a "narrow holding" and "[n]othing about [*Jones*] should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12."  In *Bryant*, the court determined that "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable." *Id.*  This is but one example of a type of claim that would be reviewable notwithstanding *Jones.*

{¶ 74} For these reasons, I agree with the majority's conclusion that R.C. 2953.08(G)(2), as interpreted in *Jones* and as applied to appellant, does not preclude "meaningful" appellate review, nor does it violate appellant's right to equal protection under the law.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.