[Cite as *State v. Landry*, 2022-Ohio-4420.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                            Court of Appeals No. WD-21-085

    Appellee                                        Trial Court No.  2020CR0514

v.

Jestin Javon Landry                              **DECISION AND JUDGMENT**

    Appellant                                        Decided:  December 9, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common

Pleas which, following entry of guilty pleas, found appellant guilty of Count One, the

offense of Breaking and Entering, in violation of R.C. 291.13(B) and 2911.13(C), a

felony of the fifth degree; Count Two, the offense of Theft, a violation of R.C.2913.02(A)(1) and 2913.02(B)(2), a felony of the fifth degree; Count Five, the offense of Identity Fraud, in violation of R.C. 2913.49(I)(2), a felony of the fifth degree; Count Seven, the offense of Telecommunications Fraud, in violation of R.C. 2913.05(A) and 2913.05(C), a felony of the fifth degree; Count Eight, Receiving Stolen Property, in violation of R.C. 2913.51(A) and 2913.51(C), a felony of the fifth degree; Count Ten, the offense of offense of Identity Fraud, in violation of R.C. 2913.49(B)(1) and 2913.49(I)(2), a felony of the fifth degree; and Count Eleven, the offense of Burglary in violation of R.C. 2911.12(A)(3) and 2911.12(D), a felony of the third degree.

{¶ 2} In exchange for the guilty pleas, the court dismissed Counts Three, Four, Six and Nine of the Indictment.

{¶ 3} Appellant was then sentenced to serve 12 months in the Ohio Department of Rehabilitation and Correction on Counts One, Two, Five, Seven, Eight and Ten. He was also sentenced to serve 30 months on Count Eleven consecutively. The sentence imposed in Count Eleven was also to be served consecutively on an unrelated case, No. 2021-CR-0046.

{¶ 4} Appellant presents a single Assignment of Error for our review:

> The Trial Court's imposition of a prison sentence was an abuse of discretion because the Trial Court failed to consider Landry stole to support himself and did not put any of his victims in any danger.

2.

{¶ 5} In support of his argument, Landry points out that the burglary charge involved an unoccupied garage and there was no risk to human life at the time of his offense. He further argues that the bulk of the remaining thefts involved credit cards and that no luxury items were purchased.

{¶ 6} Appellant claims that the trial court was required to make specific findings of fact under R.C. 2929.12(C)(4) and to consider his conduct and "horrible childhood" as a mitigating factor that would warrant community control as an appropriate sanction.

{¶ 7} We review challenges to felony sentencing under R.C. 2953.08(G)(2), which provides that, the court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶ 8} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) that the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) that the sentence is otherwise contrary to law.

3.

{¶ 9} Landry's underlying argument in this case is that the imposition of a prison term fails to comport with the principles and purposes of sentencing under R.C. 2929.11 and 2929.12 and that this reviewing court may review the findings made by the trial court under these sections.

{¶ 10} Upon ruling on this proposition of law, the Ohio Supreme Court held, in pertinent part, "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 649, 2020-Ohio-6729, 169 N.E.3d 242, ¶ 42. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." *See State v. Szozda*, 6th Dist., Lucas No. L-21-1026, 2022-Ohio-2294, ¶ 32-34, *appeal not allowed* 2022-Ohio-3752, 168 Ohio St.3d 1420.

{¶ 11} Nevertheless, Landry cites specifically the concurring opinion of Justice Fischer in *Jones* in support of his argument that this court can review the R.C. 2929.11 and 2929.12 findings of the trial court.

{¶ 12} Moreover, recently, the Supreme Court determined that, despite Landry's protestations that the trial court made no statutory findings, neither R.C. 2929.11 nor 2929.12 requires the trial court to make any specific factual findings on the record. *State*

4.

*v. Bryant*, 2022-Ohio-1878, ¶ 20 *reconsideration denied*, 2022-Ohio-2765, 167 Ohio St.3d 1484, 192 N.E.3d 515. The court also recognized the phrase "otherwise contrary to law" simply means "in violation of statute or legal regulations at a given time." *Id*. at ¶ 22, quoting *Jones* at ¶ 34.

{¶ 13} We have noted that impermissible considerations, like in *Bryant*, are those that fall outside those that are contained in R.C. 2929.11 and 2929.12. In *Bryant*, for example, the Supreme Court determined that a sentence was "contrary to law" because it was "improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *Id*. *See State v. Fowler*, 6th Dist. Ottawa No. OT-21-031, 2022-Ohio-3499, ¶ 13-14.

{¶ 14} Landry does not claim that the trial court considered any factors outside of those contained in R.C. 2929.11 and 2929.12.

{¶ 15} In this case, after careful review, we cannot find that Landry's sentence is clearly and convincingly contrary to law. His single assignment of error is found not well-taken.

## Conclusion

{¶ 16} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                JUDGE

Thomas J. Osowik, J.

                                  _____
Christine E. Mayle, J.                          JUDGE
CONCUR.

                                  _____
                                                JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.